STIM & WARMUTH, P.C.
Attorneys for Interested Party,
P.B. #7 LLC
2 Eighth Street
Farmingville, NY 11738
631-732-2000
GLENN P. WARMUTH, ESQ.
PAULA J. WARMUTH, ESQ.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK AT BROOKLYN
---------------------------------------x
IN RE:                                    Case No. 14-41678 (CEC)

Eric H. Richmond,                         CHAPTER 13

                Debtor.

---------------------------------------x

        **AFFIRMATION IN SUPPORT OF MOTION TO VACATE STAY**

STATE OF NEW YORK)
                ) SS:
COUNTY OF SUFFOLK)

    GLENN P. WARMUTH, an attorney at law, duly admitted to practice law in the State of New York and in the Eastern District of New York, affirms:

    1. The statements contained in this affirmation are true under the penalties of perjury.

    2. My firm, STIM & WARMUTH, P.C., is the attorney for P.B. #7 LLC ("P.B.") and I am making this affirmation because I am personally familiar with the facts contained in this affirmation based on work my firm has completed in this matter and based on a review of the files in related matters.

corn-04

3. I am making this affirmation in support of the motion by P.B. for an order: 1) Pursuant to Bankruptcy Code §362(d)(4)(B) and Bankruptcy Rule 4001 for an order terminating the automatic stay imposed by 11 U.S.C. §362 with respect to the property located at 227-231 Fourth Avenue, Brooklyn, NY, Block 955, Lot 1, in which P.B. has a lien and security interest pursuant to a judgment of foreclosure which order, if recorded in compliance with the applicable law governing notices of interest of liens in real property, will prevent any future bankruptcy filing affecting the Properties from operating as a stay of any action against the Properties for a period of two years after the date of the entry of such Order; 2) waiving the stay invoked pursuant to Bankruptcy Rule 4001(a)(3); and 3) granting such other and further relief as this Court deems just and proper; a copy of said proposed order is annexed hereto.

**Request For Relief Pursuant To Bankruptcy Code §362(d)(4)(B)**

4. Mr. Richmond is the sole shareholder of 231 Fourth Avenue Lyceum, LLC ("Lyceum"). See, <u>exhibit A</u>, third page, #1(10).

5. Lyceum owns real property located at 227-231 Fourth Avenue, Brooklyn, NY 11215, NY, Block 955, Lot 1 ("the premises").

6. P.B. is a secured creditor which holds a judgment of foreclosure with respect to the premises, exhibit B. The current amount owed on the judgment is in excess of $6,600,000.

7. On April 11, 2013, the eve of the scheduled foreclosure sale, Lyceum filed for bankruptcy under Chapter 11.

8. Lyceum improperly failed to classify the bankruptcy as a single asset real estate case.

9. P.B. moved for a declaration that the case was a single asset real estate case. Lyceum delayed the motion by arguing, frivolously, that the property in question was residential, when in fact it was commercial. The motion was granted, exhibit C.

10. Lyceum moved for approval of its disclosure statement. The motion was denied, exhibit D.

11. P.B. moved for an order vacating the automatic stay so that it could continue its foreclosure action. Lyceum delayed the motion by arguing, frivolously, that the *Rooker-Feldman* Doctrine did not apply and that that Bankruptcy Court should review the State Court judgment of foreclosure. The motion was granted by order dated February 28, 2014, exhibit E, and the stay was lifted.

12. In lifting the stay the Court noted that Lyceum has shown no income for the entirety of the Bankruptcy, exhibit E, page 2.

13. Pursuant to Kings County Supreme Court Uniform Civil Term Rules, Part F, Rule 12, permission is required to file a notice of sale if the sale is more than one year after the entry of the judgment of foreclosure, see <u>exhibit F</u>.

14. The judgment of foreclosure was entered on October 26, 2012 (see last page of exhibit A).

15. More than one year had passed since the entry of the judgment of foreclosure.

16. P.B. moved, by order to show cause, for permission to file the notice of sale more than one year after the entry of the judgment of foreclosure and for other relief. A copy of the order to show cause is annexed as <u>exhibit G</u>.

17. The return date for the order to show cause was April 8, 2014.

18. The instant bankruptcy was filed by Mr. Richmond on April 7, 2014. It is a bare bones petition with no schedules annexed.

19. The transparent purpose of filing the instant bankruptcy petition the day before the hearing on the order to show cause was to delay the April 8, 2014 hearing and to further delay the foreclosure sale.

20. The filing of the instant bankruptcy petition is part of a scheme by Mr. Richmond and Lyceum to delay, hinder and

defraud P.B and, as detailed above, involves multiple bankruptcy filings affecting such real property. The bankruptcies were timed specifically to delay the foreclosure. Lyceum did not make a good faith effort to prosecute its bankruptcy case. Lyceum never sought to set a bar date. Lyceum never made any realistic effort to have a plan confirmed. Lyceum had no income for the entirety of the bankruptcy and yet claimed it would pay over a million dollars a year to creditors under its plan (see, exhibit A). Lyceum repeatedly made frivolous arguments which had no basis in law or fact. Lyceum repeatedly delayed the bankruptcy case. All of these factors support the relief requested. *See*, *In re Montalvo*, 416 BR 381 (Bankr. E.D.N.Y. 2009). As such, relief from the automatic stay is requested pursuant to Bankruptcy Code §362(d)(4)(B).

21. Mr. Richmond is also the sole shareholder of Brooklyn Lyceum, Inc. ("Lyceum, Inc."), exhibit A, fourth page #1(11). Mr. Richmond claims that Lyceum, Inc. is a tenant at the premises, exhibit A, seventh page #4(2). It is expected that Lyceum, Inc. will be the next to file for bankruptcy as part of the ongoing scheme to delay, hinder and defraud P.B.

22. This makes the relief offered by Bankruptcy Code §362(d)(4)(B) even more important because under §362(d)(4)(B) the order vacating the automatic stay, if recorded in compliance

with the applicable law governing notices of interest of liens in real property, will prevent any future bankruptcy filing affecting the Properties from operating as a stay of any action against the Properties for a period of two years after the date of the entry of such Order.

23. Section 362(d)(4)(B) was enacted for the express purpose of preventing the abuse which Mr. Richmond is engaged in and to protect creditors who are in exactly the position that P.B. is in.

**Request For Waiver Of Rule 4001 Stay**

24. Waiver of the stay invoked pursuant to Bankruptcy Rule 4001(a)(3) is sought so that Movant and its successors and/or assigns can immediately proceed with the foreclosure action. The foreclosure has been significantly delayed. No further delay is warranted.

**Conclusion**

25. WHEREFORE, it is respectfully requested that this Court issue an order pursuant to Bankruptcy Code §362(d)(4)(B) and Bankruptcy Rule 4001 terminating the automatic stay imposed by 11 U.S.C. §362 with respect to the property located at 227-231 Fourth Avenue, Brooklyn, NY, Block 955, Lot 1, in which P.B. has a lien and security interest pursuant to a judgment of foreclosure which order, if recorded in compliance with the

applicable law governing notices of interest of liens in real property, will prevent any future bankruptcy filing affecting the Properties from operating as a stay of any action against the Properties for a period of two years after the date of the entry of such Order; 2) waiving the stay invoked pursuant to Bankruptcy Rule 4001(a)(3); and 3) granting such other and further relief as this Court deems just and proper; a copy of said proposed order is annexed hereto.

Dated:   Farmingville, NY

       April 15, 2014

                                              _____/s/_____
                                              GLENN P. WARMUTH