UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:                                      Chapter 13

    Eric H. Richmond                     Case No. 14-41678 (CEC)

    Debtor.

DECISION

APPEARANCES:

| | |
|---|---|
| Eric H. Richmond | Glenn P. Warmuth, Esq. |
| 227 4th Avenue | Stim & Warmuth, P.C. |
| Brooklyn, New York 11215 | 2 Eighth Street |
| *Pro-se Debtor* | Farmingville, New York 11738 |
| | *Counsel for P.B. #7 LLC* |

CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter comes before the Court on the motion of P.B. #7 LLC ("P.B.") to lift the automatic stay, pursuant to 11 U.S.C. § 362(d)(4). This chapter 13 case was filed shortly after the automatic stay was vacated in the single asset real estate chapter 11 case of 231 Fourth Avenue Lyceum ("Lyceum"), to permit P.B. to pursue foreclosure on real property located at 227-231 4th Avenue, Brooklyn, New York (the "Property"). Eric Richmond, the debtor in this chapter 13 case (the "Debtor"), is the principal and sole shareholder of Lyceum, and is a defendant in P.B.'s foreclosure action. The Debtor's and Lyceum's bankruptcy cases were each filed to stay P.B.'s foreclosure of the Property. Because the Property is not property of this debtor's estate, the Debtor may not modify P.B.'s claim secured by the Property in this case, and therefore, the continuation of the stay, as to the Property, serves no legitimate purpose. Moreover, in this case, the Debtor again seeks to collaterally attack the state court judgment of foreclosure with respect to the Property, which, as this Court has already ruled in Lyceum's bankruptcy case, is precluded by principles of res judicata and the Rooker-Feldman doctrine. For these reasons, relief from the automatic stay to permit P.B. to exercise its rights and remedies under applicable law, with respect to the Property, is warranted under § 362(d)(4) on the grounds that this case was filed as part of a scheme to delay, hinder, or defraud P.B. Stay relief is not granted as to any deficiency claim against the Debtor.

## JURISDICTION

This Court has jurisdiction of this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (G), 28 U.S.C. § 1334, and the Eastern District of New York standing order of reference dated August 28, 1986, as amended by order dated December 5, 2012. This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rule of Bankruptcy Procedure 7052.

BACKGROUND

Lyceum's chapter 11 bankruptcy case, which was filed on April 11, 2013, is pending before this Court. (13-42125-CEC.)[1] P.B. held a mortgage and note on the Property, which is Lyceum's principal asset. Lyceum defaulted on the note and on September 28, 2012, P.B. obtained a judgment of foreclosure and sale against both Lyceum and the Debtor (the "Foreclosure Judgment"). On the eve of the scheduled foreclosure sale of the Property, Lyceum filed its bankruptcy petition. (Affirmation in Support, 14-41678-CEC, ECF No. 9 at ¶ 7.) In Lyceum's bankruptcy case, the Court granted a motion by P.B. to lift the automatic stay with respect to the Property. In re 231 Fourth Ave. Lyceum, LLC, 506 B.R. 196, 203 (Bankr. E.D.N.Y. 2014). The decision to lift the automatic stay was based upon the fact that Lyceum's proposed plan of reorganization was not feasible and that Lyceum was barred from attacking the Foreclosure Judgment in bankruptcy court by reason of the Rooker-Feldman Doctrine and principles of res judicata. Id. at 206-208. Lyceum filed a motion to reargue or renew, seeking reconsideration of the decision to lift the stay, Mot. to Reargue or Renew, 13-42125-CEC, ECF No. 92, which was denied by decision and order dated July 17, 2014.

After the stay was lifted, P.B. sought permission from the state court to file a notice of sale. (Affirmation in Support, 14-41678-CEC, ECF No. 9 at ¶ 6.) One day before the return date of P.B.'s motion in state court, the Debtor commenced this bankruptcy case.

The Debtor's chapter 13 petition does not list the Property in the schedules. P.B. is listed as a secured creditor based upon the Debtor's liability on a guarantee of the obligation secured by the property, though it does not appear the P.B.'s guarantee claim against the Debtor is secured. (Schedule A, 14-41678-CEC, ECF No. 11 at 5; Schedule D, 14-41678-CEC, ECF No. 1

---

[1] The Court will assume that the reader is familiar with the facts in Lyceum's case and only those relevant to this Decision will be provided. See In re 231 Fourth Ave. Lyceum, LLC, 506 B.R. 196, 200-201 (Bankr. E.D.N.Y. 2014) (providing a detailed history of Lyceum's case).

at 4.)[2]  The Debtor's schedules list, as assets, stock ownership in Lyceum and Brooklyn Lyceum, Inc., a lessee of the Property. (Schedule B, 14-41678-CEC, ECF No. 11 at 7.)

On April 9, 2014, P.B. filed a motion seeking relief from the automatic stay pursuant to § 364(d)(4) and an affirmation in support (respectively, the "Motion for Relief" and the "Affirmation"). (Motion for Relief from Stay, 14-41678-CEC, ECF No. 8; Affirmation in Support, 14-41678-CEC, ECF No. 9.)  On May 13, 2014, the Debtor filed an affirmation in opposition to the Motion for Relief (the "Opposition"). (Affirmation in Opposition, 14-41678-CEC, ECF No. 15.)   On May 16, P.B. filed an affirmation in reply and further support (the "Reply Affirmation", and collectively, the Motion for Relief, the Affirmation, and the Reply Affirmation being the "Motion". (Affirmation in Reply and Further Support, 14-41678-CEC, ECF No. 16.)  A hearing was held on May 20, 2014.  On July 15, 2014, almost two months after the record on the Motion was closed, the Debtor filed an affirmation in further opposition, (Affirmation in Further Opposition, 14-41678-CEC, ECF No. 48.)  This untimely filing is not part of the record on the Motion, and in any event raises no new factual or legal arguments.

## DISCUSSION

Upon the filing of a bankruptcy petition, the automatic stay provided by the Bankruptcy Code stays "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title."  11 U.S.C. § 362(a)(2).  Because the Debtor is a named defendant in P.B.'s foreclosure action, and because the Debtor has a contingent liability under the Foreclosure Judgment, the automatic stay extends to any act to enforce the Foreclosure Judgment.[3]  (Affirmation in Support, 13-42125-CEC, ECF No. 18-5.)

---

[2] Because certain filings contain unpaginated documents, the Court will treat the page following any exhibit cover sheet as page 1.
[3] The Foreclosure Judgment states: "ORDERED, ADJUDGED AND DECREED, that if the proceeds of such sale be insufficient to pay the amount reported due to the plaintiff with interest and costs as aforesaid, the plaintiff may

P.B. seeks relief from the automatic stay pursuant to § 362(d)(4), which provides for stay relief:

> [W]ith respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
> (B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4). This provision, if applicable, would permit in rem relief from the stay as to P.B.'s interest in the Property, "such that any and all future filings by any person or entity with an interest in the Property will not operate as an automatic stay . . . for a period of two years after the date of the entry of such an order," provided that the order is recorded in compliance with applicable state laws governing notices of interest or liens in real property. In re Montalvo, 416 B.R. 381, 386 (Bankr. E.D.N.Y. 2009). There is no evidence that the Debtor or Lyceum have engaged in transfers of interests in the Property under § 362(d)(4)(A). To grant relief under § 362(d)(4)(B), therefore, the Court must find that the Debtor's chapter 13 bankruptcy filing is part of a scheme to hinder, delay or defraud P.B. Id. A bankruptcy court can "infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone" without holding an evidentiary hearing. In re Procel, 467 B.R. 297, 308 (S.D.N.Y. 2012) (quoting In re Blair, No. 09–76150, 2009 WL 5203738, at *4–5 (Bankr. E.D.N.Y. Dec. 21, 2009)).

---

recover of the defendant(s) 231 Fourth Avenue Lyceum, LLC and Eric Richmond the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after the sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the Real Property Actions and Proceedings Law within 90 days of the delivery of the deed by the Referee, and the amount thereof is determined and awarded by an order of this Court as provided for in said action[.]" (Affirmation in Supp. of Mot. to Authorize/Direct that this case is a Single Asset Real Estate Case Ex. E, 13-42125-CEC, ECF No. 18-5 at 8-9.)

The extent of the efforts by a debtor to prosecute his bankruptcy case and the "[t]he timing and sequencing of the filings" are important factors in determining whether a debtor has engaged in "a scheme to delay, hinder, and defraud." Montalvo, 416 B.R. at 387. Here, Lyceum's chapter 11 filing, timed to stop P.B.'s foreclosure sale, was followed by the Debtor's chapter 13 filing, shortly after the stay was lifted in Lyceum's case. Both the Debtor's and Lyceum's filings were on the eve of significant events in the foreclosure action. Lyceum filed its case on the eve of a foreclosure sale and the Debtor's case was filed on the eve of the return date of P.B.'s motion in state court to file a notice of foreclosure sale. The timing of both filings permits an inference that the Debtor is attempting to hinder or delay P.B.'s efforts to enforce the Foreclosure Judgment.

The Debtor's conduct in prosecuting this bankruptcy case and Lyceum's case also weighs in favor of granting relief under § 362(d)(4). In Lyceum's case, the Court determined that Lyceum's proposed plan of reorganization was not feasible, as Lyceum utterly failed to show that it could meet its obligations under the proposed plan. Lyceum, 506 B.R. at 203. Lyceum also argued that the Foreclosure Judgment is invalid, claiming that the state court did not have jurisdiction to enter such a judgment. Id. at 206. In the decision lifting the stay in Lyceum's case, the Court rejected that argument and, in addition, held that the Rooker-Feldman Doctrine and principles of res judicata prohibited the Court from reviewing the validity of the Foreclosure Judgment. Id. at 206-208.

Undeterred, the Debtor has filed a chapter 13 bankruptcy case and once again seeks to challenge the validity of the Foreclosure Judgment. In the Debtor's opposition to the Motion for Relief, he once again asserts that Rooker-Feldman does not apply to the Foreclosure Judgment. (Affirmation in Opposition, 14-41678-CEC, ECF No. 15 at 2-3.) These arguments are also

raised in opposition to the chapter 13 trustee's motion to dismiss. (Affirmation in Opposition, 14-41678-CEC, ECF No. 30.) In response to the Motion for Relief, the Debtor initially stated that, in this case, he intends to file a motion to deny P.B.'s claim in its entirety, based upon the arguments he made in the Lyceum case, which the Court rejected. (Affirmation in Opposition, 14-41678-CEC, ECF No. 15 at 3.) The Debtor has since shifted gears, however, and now argues, in his opposition to the chapter 13 trustee's motion to dismiss, that the Foreclosure Judgment is void and therefore cannot be recognized or given effect by this Court. (Affirmation in Opposition, 14-41678-CEC, ECF No. 30 at 2-5.) This argument appears to be premised on the Debtor's belief that the state court which issued the Foreclosure Judgment lacked jurisdiction to do so, because, in the Debtor's view, the Foreclosure Judgment was entered in violation of New York Civil Practice Law and Rules § 3215(c), which provides that a default judgment must be sought within one year of the default. However, as explained in the decision lifting the automatic stay in Lyceum, 506 B.R. at 206, even if the Kings County Supreme Court erred in entering the Foreclosure Judgment, it clearly had jurisdiction to do so. See generally N.Y. Const. art. VI, § 7 (providing that the supreme courts of the State of New York have "general jurisdiction in law and equity"); Condon v. Associated Hospital Service, 287 N.Y. 411, 40 N.E.2d 230 (N.Y. 1942) (holding that the supreme court is presumed to have jurisdiction of a cause of action unless the contrary plainly appears).

Moreover, even if the Foreclosure Judgment were subject to attack, on jurisdictional or other grounds, the Rooker-Feldman doctrine would prevent the Debtor, or any other party, from challenging it in this Court. That doctrine, which articulates a limitation in federal subject matter jurisdiction, prevents federal courts, other than the Supreme Court of the United States, from reviewing state court decisions. Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85

(2d Cir. 2005).  Rooker–Feldman applies to cases satisfying a four part test: (1) the federal-court plaintiff lost in state court; (2) the plaintiff "must complain of injuries caused by a state-court judgment;" (3) the plaintiff "must invite district court review and rejection of that judgment;" and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." Hoblock, 422 F.3d at 85.  Rooker-Feldman clearly applies to the instant case; the Debtor lost in state court; the Debtor is complaining of injuries caused by the Foreclosure Judgment; the Debtor is requesting that this Court determine or acknowledge that the Foreclosure Judgment is a "nullity"; i.e. in effect, review it and set it aside, or otherwise determine that it should not be given effect; and the Foreclosure Judgment was issued before the Debtor's bankruptcy case commenced.  Therefore, this Court lacks jurisdiction to consider the Debtor's challenge of the Foreclosure Judgment.  McKithen v. Brown, 626 F.3d 143, 154-55 (2d Cir. 2010) (holding that a federal court lacks jurisdiction to hear a claim when the four requirements of the Rooker-Feldman doctrine are met).  Any challenge that the Debtor may wish to pursue against the Foreclosure Judgment must, therefore, be pursued in state court.

Res judicata also prevents the Debtor from collaterally attacking the Foreclosure Judgment in this Court.  "Res judicata, or claim preclusion, operates to prevent a party from re-litigating a claim after the claim has already been decided by a court of competent jurisdiction."  Charell v. Gonzalez (In re Gonzalez), 241 B.R. 67, 72 (S.D.N.Y. 1999); see also Brown v. Felsen, 442 U.S. 127, 131 (1979); Monahan v. New York City Dep't of Corr., 214 F.3d 275, 284 (2d Cir. 2000).  Res judicata applies to judgments obtained by default.  See Kelleran v. Andrijevic, 825 F.2d 692, 694–95 (2d Cir. 1987).  To determine the preclusive effect of a state court decision, a federal court must apply the standard used by the state in which the decision was rendered. 28 U.S.C. § 1738; Exxon Mobil, 544 U.S. at 293; In re

Fischer, 252 B.R. 603, 613 (Bankr. E.D.N.Y. 2000). Under New York law, "a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action." Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286-87 (2d Cir. 2002). "This doctrine also applies to defenses that could have been litigated, including defenses to a foreclosure." Yeiser v. GMAC Mortg. Corp., 535 F. Supp. 2d 413, 421 (S.D.N.Y. 2008).

No exception for judgments procured by extrinsic fraud applies in this case. See In re Slater, 200 B.R. 491, 495-96 (E.D.N.Y. 1996) (holding that New York law permits collateral attacks on judgments obtained by extrinsic, as opposed to intrinsic, fraud.) Extrinsic fraud involves the parties' "opportunity to have a full and fair hearing," while intrinsic fraud involves the "underlying issue in the original lawsuit." In re Slater, 200 B.R. at 496 (citing Altman v. Altman, 542 N.Y.S.2d 7, 9 (N.Y. App. Div. 1989)). No extrinsic fraud is alleged in in connection with the Foreclosure Judgment, such as, for example, threats of physical harm or the misrepresentation that the action would be discontinued. Compare Slater, 200 B.R. at 496 ("[T]he [d]ebtor's allegations that her brother physically assaulted her and threatened her life before and during the trial . . . does constitute extrinsic fraud sufficient to attack the state court judgment."); Tamimi v. Tamimi, 328 N.Y.S.2d 477, 484 (N.Y. App. Div. 1972) ("Upon the undisputed testimony in this case the [party] was 'robbed' of her opportunity to make her defense in the Thai court by reason of the [other party]'s fraud and misrepresentation that he would discontinue the action which he had instituted against her."). The Debtor's assertions that P.B. lacked standing and that P.B. misled the state court do not constitute allegations of extrinsic fraud. Altman, 542 N.Y.S.2d at 9; St. Clement v. Londa, 779 N.Y.S.2d 460, 461 (N.Y. App. Div. 2004). ("The remedy for fraud allegedly committed during the course of a legal proceeding

must be exercised in that lawsuit by moving to vacate the civil judgment (CPLR 5015(a)(3)), and not by another plenary action collaterally attacking that judgment.").

Because the Debtor seeks to use this bankruptcy case as a vehicle to attack the Foreclosure Judgment, when this Court has already determined that he may not do so, and because this filing and Lyceum's were timed to hinder or delay P.B.'s efforts to enforce the Foreclosure Judgment, this Court finds this case to be "part of a scheme to delay, hinder, or defraud" P.B.

Moreover, in this case, the Debtor lacks the ability to reorganize Lyceum's mortgage obligations with respect to the Property, as the Property is not property of the estate. See 11 U.S.C. § 541. Section 541(a)(1) includes "all legal or equitable interests of the debtor in property as of the commencement of the case" as interests belonging to the estate. Id. at § 541(a)(1). Here, the Debtor has an ownership interest in Lyceum as the sole shareholder of the limited liability company. When the principal of a corporation files for bankruptcy relief, the principal's shares are property of the estate, while the assets of the corporation are not. Any other result would allow circumvention of the eligibility requirements under § 109. See 11 U.S.C. § 109(e) (stating that only an individual may be a debtor under chapter 13). The fact that the Debtor occupies the Property, and derives income from the Property through funds he receives from Lyceum, is insufficient to justify continuation of the stay as to the Property in this chapter 13 case. See In re Mizuno, 288 B.R. 45, 49-50 (Bankr. E.D.N.Y. 2002) (holding that possessory interest, though sufficient to invoke the automatic stay, is insufficient to justify its continuation where stay relief has been sought).

Therefore, because the Debtor's and Lyceum's bankruptcy filings occurred on the eve of significant events affecting the Property, because the Debtor is once again trying to collaterally

attack the Foreclosure Judgment, and because, in this case, the Debtor cannot modify the mortgage held by P.B. on the Property given that the Property is not property of the Debtor's estate, it is appropriate to grant stay relief to P.B. pursuant to § 362(d)(4), as the filing of this case is part of a scheme to hinder, delay or defraud P.B.

## CONCLUSION

For the foregoing reasons, P.B.'s motion for relief from the automatic stay pursuant to § 362(d)(4) to permit P.B. to exercise its rights and remedies under applicable law with respect to the Property, is granted. Stay relief is not granted with respect to any deficiency claim against the Debtor. A separate order will issue.



**Dated: Brooklyn, New York**
**July 17, 2014**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**