UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re:

   Eric H. Richmond                                             Chapter 13

                Debtor.                           Case No.: 14-41678 (CEC)

--------------------------------------------------------x

## **ORDER**

      WHEREAS, on April 7, 2014, Eric H. Richmond, (the "Debtor"), filed for relief pursuant to chapter 13 of title 11 of the United States Code; and

      WHEREAS, on April 15, 2014, creditor P.B. #7 LLC ("P.B.") filed a motion for relief from the automatic stay pursuant to section 362(d)(4) of the Bankruptcy Code (the "Motion") with respect to property located at 227-231 Fourth Avenue, Brooklyn, NY (the "Property"); and

      WHEREAS, on May 13, 2014, filed an affirmation in opposition to the Motion; and

      WHEREAS, on May 16, 2014, P.B. file an affirmation in reply and further support of the Motion; and

      WHEREAS, on May 20, 2014, the Court held a hearing on the Motion; and

      WHEREAS, at the May 20, 2014 hearing, P.B. stated on the record that in the event the Court did not grant in-rem relief under § 362(d)(4), P.B. requested relief from the automatic stay pursuant to sections §§ 362(d)(1) or (2); and

      WHEREAS, the Court took the Motion under submission; and

      WHEREAS, on May 22, 2014, the Court issued a scheduling order, giving the Debtor an opportunity to file a reply to P.B.'s requested relief pursuant to §§ 362(d)(1) and (2); and

      WHEREAS, on May 27, 2014, the Debtor filed an addendum to his affirmation in opposition to the Motion; and

      WHEREAS, on July 15, 2014, the Debtor filed an affirmation in further opposition to the

Motion; and

THEREFORE, for the reasons stated in the Court's decision dated July 17, 2014, IT IS NOW,

ORDERED, that the Motion is granted to the extent provide herein; and it is further

ORDERED, that the automatic stay under 11 U.S.C. § 362(a) is vacated as to P.B.'s interest in the Property, to permit P.B. to exercise its rights and remedies with respect to the Property, and it is further

ORDERED, that, under 11 U.S.C. § 362(d)(4), if recorded in compliance with applicable State laws governing notices of interests or liens in real property, this order shall be binding in any other case filed under the Bankruptcy Code purporting to affect the Property filed not later than 2 years after the date of the entry of this order; and it is further

ORDERED, that this Order shall not lift the stay with respect to any deficiency claim P.B. may seek to pursue against the Debtor.



**Dated: Brooklyn, New York**
**July 17, 2014**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**