UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:                                                        Chapter 13

      Eric H. Richmond                           Case No. 14-41678 (CEC)


                Debtor.


DECISION



APPEARANCES:


Eric H. Richmond                                   Glenn P. Warmuth, Esq.
227 4th Avenue                                     Stim & Warmuth, P.C.
Brooklyn, New York 11215                           2 Eighth Street
*Pro-se Debtor*                                    Farmingville, New York 11738
                                                   *Counsel for P.B. #7 LLC*



CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter comes before the Court on the motion of the debtor, Eric H. Richmond, to reconsider and reargue the Court's decision and order granting the motion of P.B. #7 LLC ("P.B.") to lift the automatic stay, pursuant to § 362(d)(4).[1] Because the motions to reconsider and reargue fail to set forth grounds for relief under Federal Rule of Civil Procedure 59(e), and because they raise arguments already considered and rejected, the motions are denied.

## JURISDICTION

This Court has jurisdiction of this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (G), 28 U.S.C. § 1334, and the Eastern District of New York standing order of reference dated August 28, 1986, as amended by order dated December 5, 2012. This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rule of Bankruptcy Procedure 7052.

## BACKGROUND

This chapter 13 case was filed shortly after the automatic stay was vacated in the single asset real estate chapter 11 case of 231 Fourth Avenue Lyceum ("Lyceum") (13-42125-CEC), to permit P.B. to pursue foreclosure on real property located at 227-231 4th Avenue, Brooklyn, New York (the "Property").[2] Eric Richmond, the debtor in this chapter 13 case (the "Debtor"), is the principal and sole shareholder of Lyceum, and is a defendant in P.B.'s foreclosure action. P.B. is the holder of a judgment of foreclosure and sale against both Lyceum and the Debtor (the "Foreclosure Judgment"). The Debtor's and Lyceum's bankruptcy cases were each filed to stay P.B.'s foreclosure of the Property.

---

[1] Unless otherwise indicated, statutory citations are to provisions of Title 11, U.S.C.; citations to "Rules" are to the Federal Rules of Civil Procedure and to "Bankruptcy Rules" are to the Federal Rules of Bankruptcy Procedure.
[2] Familiarity with the facts in Lyceum's case is assumed. See In re 231 Fourth Ave. Lyceum, LLC, 506 B.R. 196, 200-201 (Bankr. E.D.N.Y. 2014) (providing a history of Lyceum's case).

In Lyceum's bankruptcy case, the Court granted a motion by P.B. to lift the automatic stay with respect to the Property. In re 231 Fourth Ave. Lyceum, LLC, 506 B.R. 196, 203 (Bankr. E.D.N.Y. 2014). The decision to lift the automatic stay was based upon the fact that Lyceum's proposed plan of reorganization was not feasible and that Lyceum was barred from attacking the Foreclosure Judgment in bankruptcy court by reason of the Rooker-Feldman doctrine and principles of res judicata. Id. at 206-208. Lyceum filed a motion seeking reconsideration of the decision to lift the stay, which was denied by decision and order dated July 17, 2014. In re 231 Fourth Ave. Lyceum, LLC, 513 B.R. 25 (Bankr. E.D.N.Y. 2014); (Mot. to Reargue or Renew, 13-42125-CEC, ECF No. 92; Decision, 13-42125-CEC, ECF No. 101; Order, 13-42125-CEC, ECF No. 102.)

After the stay was lifted, P.B. sought permission from the state court to file a notice of sale. (Affirmation in Supp., 14-41678-CEC, ECF No. 9 at ¶ 6.) One day before the return date of P.B.'s motion in state court, the Debtor commenced this bankruptcy case.

On April 15, 2014, P.B. filed a motion in this case seeking relief from the automatic stay pursuant to § 364(d)(4) and an affirmation in support (respectively, the "Motion for Relief" and the "Affirmation"). (Mot. for Relief from Stay, 14-41678-CEC, ECF No. 8; Affirmation in Supp., 14-41678-CEC, ECF No. 9.) On May 13, 2014, the Debtor filed an affirmation in opposition to the Motion for Relief (the "Opposition"). (Affirmation in Opp'n, 14-41678-CEC, ECF No. 15.) On May 16, P.B. filed an affirmation in reply and further support (the "Reply Affirmation"). (Affirmation in Reply and Further Supp., 14-41678-CEC, ECF No. 16.)

On July 17, 2014, the Court entered a decision and order granting the Motion for Relief (respectively, the "Decision" and the "Order"). In re Richmond, 513 B.R. 34 (Bankr. E.D.N.Y. 2014); (Decision, 14-41678-CEC, ECF No. 55; Order, 14-41678-CEC, ECF No. 57.) In the

Decision, the Court found that the Debtor's and Lyceum's bankruptcy were each filed on the eve of significant events in the foreclosure action and that the timing of the filings permitted an inference that the Debtor was attempting to hinder or delay P.B.'s efforts to enforce the Foreclosure Judgment. In re Richmond, 513 B.R. at 38-39. The Court rejected the Debtor's argument that the Rooker-Feldman doctrine and principles of res judicata did not apply to the Foreclosure Judgment. Id. at 39-40. The Court also rejected the Debtor's argument that the Foreclosure Judgment was void because the Kings County Supreme Court entered the Foreclosure Judgment in violation of New York Civil Practice Law and Rules § 3215(c). Id. at 39. Finally, the Court determined that the Debtor had no ability to restructure the debt secured by the Property in his chapter 13 bankruptcy case, as the Property was not property of the Debtor's estate. Id. at 9-10.

On July 28, 2014, the Debtor filed a Motion to Reconsider Lifting of the Stay, and on July 31, 2014, he filed a Motion to Reargue Lifting of the Stay (respectively, the "Motion to Reconsider" and the "Motion to Reargue"; collectively, the "Motions"). (Mot. to Reconsider Lifting of the Stay, 14-41678-CEC, ECF No. 61; Mot. to Reargue Lifting of the Stay, 14-41678-CEC, ECF No. 62.) On August 6, 2014, P.B. filed affirmations in opposition to the Motions (respectively, the "Reconsideration Opposition" and the "Reargument Opposition"). (Affirmation in Opp'n, 14-41678-CEC, ECF No. 63; Affirmation in Opp'n, 14-41678-CEC, ECF No. 65.) On August 11, 2014, the Debtor filed affirmation in further support of the Motions (respectively, the "Reconsideration Affirmation" and the "Reargument Affirmation"). (Affirmation in Further Supp., 14-41678-CEC, ECF No. 67; Affirmation in Further Supp., 14-41678-CEC, ECF No. 68.)

On August 14, 2014, an amended order granting the Motion for Relief was entered, which amended the Order by identifying the block and lot number and legal description of the Property and by including a direction to the New York City Department of Finance Office of the City Register to accept a certified copy of that order for recordation. (Amended Order, 14-41678-CEC, ECF No. 71.)  On August 25, 2014, the Debtor filed a motion to reconsider that amended order, and, on August 27, 2014, the Debtor filed a motion to reargue the amended order.  (Mot. to Reconsider Decision and Order dated August 13, 2014, 14-41678-CEC, ECF No. 77; Mot. To Reargue Lifting of Automatic Stay, 14-41678-CEC, ECF No. 80.)  These motions raise the same factual and legal arguments as the Motion to Reconsider and the Motion Reargue and are also disposed of by this decision.

## ARGUMENTS

The Debtor raises four arguments in the Motions:  (1) that the Court erred when it determined that the Debtor was a serial filer; (2) that the Court erred when it determined that the Debtor's attempt to collaterally attack the Foreclosure Judgment was barred by res judicata, because the fraud which the Debtor claims was committed by a lawyer in the foreclosure action falls within the extrinsic fraud exception to the doctrine of res judicata; (3) that the Court erred when it determined that the Rooker-Feldman doctrine barred collateral attack of the Foreclosure Judgment, because the entry of the Foreclosure Judgment pursuant to New York Civil Practice Law and Rules § 3215(c) a ministerial, not judicial act; and (4) that the Court erred when it determined that the Rooker-Feldman doctrine barred collateral attack of the Foreclosure Judgment, because, according to the Debtor,  he is complaining of injuries not caused by the Foreclosure Judgment.

<u>LEGAL STANDARD</u>

1. <u>Motion to Reconsider</u>

Rule 59, made applicable to this adversary proceeding pursuant to Bankruptcy Rule 9023, permits a party to make a motion "to alter or amend a judgment." Fed. R. Civ. P. 59(e). Pursuant to Rule 54(a), made applicable to this matter by Bankruptcy Rule 7054(a), the Order is a "judgment" that may be reconsidered under Rule 59 because it is an "order from which an appeal lies." Fed. R. Civ. P. 54(a); Fed. R. Bankr. P. 7054. A motion to reconsider must be filed within 14 days of the entry of the judgment. Fed. R. Bankr. P. 9023. The Order was entered on July 17, 2014 and the Motion to Reconsider was filed on July 28, 2014, within the time allowed under Bankruptcy Rule 9023.

Rule 59(e) does not provide specific grounds for amending or reconsidering a judgment. <u>See</u> Fed. R. Civ. P. 59(e). The Second Circuit has held that "[t]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotations and citation omitted); <u>Doe v. New York City Dep't of Social Servs.</u>, 709 F.2d 782, 789 (2d Cir. 1983). Under the "clear error" standard, relief is "appropriate only when a court overlooks 'controlling decisions or factual matters that were put before it on the underlying motion' and which, if examined, might reasonably have led to a different result." <u>Corrines v. Am. Physicians Ins. Trust</u>, 769 F. Supp. 2d 584, 593-94 (S.D.N.Y. 2011) (quoting <u>Eisemann v. Greene</u>, 204 F.3d 393, 395 n.2 (2d Cir. 2000)). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might

reasonably be expected to alter the conclusion reached by the court." <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995). It is well settled that "[a] motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an occasion for making new arguments that could have been previously advanced." <u>Associated Press v. U.S. Dep't of Def.</u>, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

"A motion for reconsideration is 'an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" <u>Corrines</u>, 769 F. Supp. 2d at 593-94 (quoting <u>In re Initial Public Offering Sec. Litig.</u>, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005<u>), aff'd sub nom.</u> <u>Tenney v. Credit Suisse First Boston Corp.</u>, Nos. 05 Civ. 3430, 05 Civ. 4759, & 05 Civ. 4760, 2006 WL 1423785, at *1 (2d Cir. 2006)). <u>See also</u> <u>Schonberger v. Serchuk</u>, 742 F. Supp. 108, 119 (S.D.N.Y. 1990) (motions made pursuant to Rule 59(e) must adhere to stringent standards to prevent "wasteful repetition of arguments already briefed, considered and decided"). The determination of whether a motion for reconsideration should be granted is within the sound discretion of the court. <u>See</u> <u>Spa 77 G L.P. v. Motiva Enters. LLC</u>, 772 F. Supp. 2d 418, 437 (E.D.N.Y. 2011).

2. <u>Motion to Reargue</u>

The Bankruptcy Rules and the Federal Rules do not provide for a motion to reargue; nor do the Local Bankruptcy Rules for the Eastern District of New York. Although the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York Rule 6.3 provides for "Motions for Reconsideration or Reargument", these rules are not applicable in matters before this Court. For this reason, the Motion to Reargue is denied, and this decision will treat any argument raised in the Motion to Reargue as through it had been made in the Motion to Reconsider.

<u>DISCUSSION</u>

1.  <u>Section 362(d)(4) is Applicable in this Case</u>

The Debtor argues that the Court abused its discretion when it determined that the Debtor is a serial filer based on his own bankruptcy filing and Lyceum's filing.  (Mot. to Reconsider Lifting of the Stay, 14-41678-CEC, ECF No. 61 at ¶¶ 2-10.)  The Debtor contends that "serial is meant to include filings subsequent to a dismissal and without an intervening cause" and that "[s]erial implies sequential, **completed** acts."  <u>Id.</u> at ¶¶ 4, 6.

The Court granted relief from the automatic stay pursuant to § 362(d)(4), which provides for stay relief:

> [W]ith respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
> (B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4).  Section 362(d)(4) does not require any finding that the Debtor is a serial filer, but rather that "the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings affecting such real property."  <u>Id.</u>  A bankruptcy court can "infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone."  <u>In re Procel</u>, 467 B.R. 297, 308 (S.D.N.Y. 2012) (quoting <u>In re Blair</u>, No. 09–76150, 2009 WL 5203738, at *4–5 (Bankr. E.D.N.Y. Dec. 21, 2009)).  The Debtor argues, without citing any authority, that "serial filings" means filings subsequent to a dismissal and that it implies completed acts.  (Mot. to Reconsider Lifting of the Stay, 14-41678-CEC, ECF No. 61 at ¶¶ 4, 6.)  The Court declines to accept the Debtor's definition of "serial filings".  The number

of filings is only one factor that the court must weigh in determining whether relief under § 362(d)(4) is warranted.  See In re Montalvo, 416 B.R. 381, 387 (Bankr. E.D.N.Y. 2009).  "The timing and sequencing of the filings is also significant."  Id.

In the Decision, the Court found that Lyceum's chapter 11 filing was timed to stop P.B.'s foreclosure sale and that it was followed by the Debtor's chapter 13 filing, shortly after the stay was lifted in Lyceum's case.  In re Richmond, 513 B.R. at 38.   Both the Debtor's and Lyceum's filings were on the eve of significant events in the foreclosure action.  Id.  Lyceum filed its case on the eve of a foreclosure sale and the Debtor's case was filed on the eve of the return date of P.B.'s motion in state court to file a notice of foreclosure sale.  Id.  The timing of both filings permitted an inference that the Debtor is attempting to hinder or delay P.B.'s efforts to enforce the Foreclosure Judgment.  Id.

The Court found that the Debtor's conduct in prosecuting his bankruptcy case and Lyceum's case also weighed in favor of granting relief under § 362(d)(4).  Id.  In Lyceum's case, the Court determined that Lyceum's proposed plan of reorganization was not feasible, as Lyceum failed to show that it could meet its obligations under the proposed plan.  Id. (citing Lyceum, 506 B.R. at 203).  In the Debtor's case, the Court determined that the Debtor was using this bankruptcy case "as a vehicle to attack the Foreclosure Judgment, when this Court has already determined that he may not do so."  In re Richmond, 513 B.R. at 40.  The Decision was the Court's third decision rejecting the Debtor and Lyceum's arguments that the Foreclosure Judgment may be collaterally attacked in this Court.  See In re 231 Fourth Ave. Lyceum, LLC, 506 B.R. 196; In re 231 Fourth Ave. Lyceum, LLC, 513 B.R. 25; In re Richmond, 513 B.R. 34.

The "timing and sequence" of the Debtor's and Lyceum's filings carry significant weight demonstrating a "scheme to delay, hinder, or defraud creditors".  The evidence of a "scheme to delay, hinder, or defraud creditors" is further supported by the Debtor's continued efforts to use the bankruptcy filings to collaterally attack the Foreclosure Judgment, notwithstanding repeated rulings that such a collateral attack is precluded by res judicata and <u>Rooker-Feldman</u>.

    2.  <u>Extrinsic v. Intrinsic Fraud</u>

The Debtor contends that the doctrine of red judicata does not preclude a collateral attack on the Foreclosure Judgment because, the Debtor claims, P.B. moved for a default judgment that action at a time when it lacked standing to do so.  (Mot. to Reconsider Lifting of the Stay, 14-41678-CEC, ECF No. 61 at ¶¶ 13-22; Affirmation in Opposition, 14-41678-CEC, ECF No. 30 at ¶¶ 23-26.)  The Debtor contends that this constituted extrinsic fraud, and that for this reason this Court erred in holding that the Debtor's efforts to collaterally attack the Foreclosure Judgment based on these allegations is barred by red judicata.  <u>Id.</u>

Some courts have held that New York's doctrine of res judicata does not preclude collateral attack upon judgments obtained by extrinsic, as opposed to intrinsic fraud.  <u>In re Slater</u>, 200 B.R. 491, 496 (E.D.N.Y. 1996) (citing <u>Altman v. Altman</u>, 542 N.Y.S.2d 7, 9 (N.Y. App. Div. 1989)).  Extrinsic fraud involves the parties' "opportunity to have a full and fair hearing," while intrinsic fraud involves an "underlying issue in the original lawsuit." <u>In re Slater</u>, 200 B.R. at 496 (citing <u>Altman</u>, 542 N.Y.S.2d at 9).  No extrinsic fraud is alleged in in connection with the Foreclosure Judgment, such as, for example, threats of physical harm or the misrepresentation that the action would be discontinued.  <u>Compare</u> <u>Slater</u>, 200 B.R. at 496 ("[T]he [d]ebtor's allegations that her brother physically assaulted her and threatened her life before and during the trial . . . does constitute extrinsic fraud sufficient to attack the state court

judgment."); <u>Tamimi v. Tamimi</u>, 328 N.Y.S.2d 477, 484 (N.Y. App. Div. 1972) ("Upon the undisputed testimony in this case the [party] was 'robbed' of her opportunity to make her defense in the Thai court by reason of the [other party]'s fraud and misrepresentation that he would discontinue the action which he had instituted against her.").  The Debtor's assertions that P.B. lacked standing or that P.B.'s counsel misled the state court do not constitute allegations of extrinsic fraud. <u>Altman</u>, 542 N.Y.S.2d at 9; <u>St. Clement v. Londa</u>, 779 N.Y.S.2d 460, 461 (N.Y. App. Div. 2004). ("The remedy for fraud allegedly committed during the course of a legal proceeding must be exercised in that lawsuit by moving to vacate the civil judgment (CPLR 5015(a)(3)), and not by another plenary action collaterally attacking that judgment.").

   3.   <u>Entry of the Foreclosure Judgment was Judicial</u>

       The Debtor contends that entry of the Foreclosure Judgment was a ministerial act, and that as such, the <u>Rooker-Feldman</u> doctrine does not preclude the Debtor's attack on the Foreclosure Judgment in this Court.  (Mot. to Reconsider Lifting of the Stay, 14-41678-CEC, ECF No. 61 at ¶ 23.)  The Debtor cites no authority for the proposition that entry of a judgment is ministerial in nature.  The Court addressed this argument in connection with Lyceum's motion to reconsider and found the argument to be entirely meritless.  <u>See</u> <u>In re 231 Fourth Ave. Lyceum, LLC</u>, 513 B.R. at 32.  As stated in that decision, the Second Circuit has held that judicial proceedings continue to the moment the judge directs entry of judgment.  <u>Rexnord Holdings v. Bidermann</u>, 21 F.3d 522, 528 (2d Cir. 1994) ("The judicial proceedings were concluded at the moment the judge directed entry of judgment, a decision on the merits having then been rendered.").   The Kings County Supreme Court's determination to grant a default judgment in the foreclosure action was clearly judicial in nature.  Any collateral attack on the Foreclosure Judgment in this Court is therefore precluded by the <u>Rooker-Feldman</u> doctrine.

The Debtor cites several New York state court cases which denied entry of a default judgment when the application was made more than one year after the default.  (Mot. to Reconsider Lifting of the Stay, 14-41678-CEC, ECF No. 61 at ¶ 25.)   New York Civil Practice Law and Rules § 3215(c) provides that a court "shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed."  N.Y. C.P.L.R. §3215(c).  P.B., in the Reconsideration Opposition, provided the decision and order of the Kings County Supreme Court which denied the Debtor's motion to dismiss the foreclosure action pursuant to New York Civil Practice Law and Rules § 3215(c).  (Affirmation in Opp'n, Ex. A, 14-41678-CEC, ECF No. 63-1.)  In that decision, Judge Kurtz found that P.B. "offers a sufficient excuse for not moving for a default judgment within the year prescribed by CPLR § 3215(c)."  Id. at 2.  The Debtor failed to disclose Judge Kurtz's decision and once again raises arguments that have been considered and rejected not only by this Court, but also by the Kings County Supreme Court.

The Debtor further argues that the King County Supreme Court did not have jurisdiction over a "statutorily abandoned claim."  (Mot. to Reargue Lifting of the Stay, 14-41678-CEC, ECF No. 62 at ¶¶ 12-13.)  The Court has already rejected this argument twice.  See In re Richmond, 513 B.R. at 39; In re 231 Fourth Ave. Lyceum, LLC, 506 B.R. at 206.  Even if the Kings County Supreme Court erred in entering the Foreclosure Judgment, it clearly had jurisdiction to do so. See generally N.Y. Const. art. VI, § 7 (providing that the supreme courts of the State of New York have "general jurisdiction in law and equity"); Condon v. Associated Hospital Service, 240 N.E.2d 230 (N.Y. 1942) (holding that the supreme court is presumed to have jurisdiction of a cause of action unless the contrary plainly appears).

4.   The Debtor is Complaining of Injuries Caused by the Foreclosure Judgment

The <u>Rooker-Feldman</u> doctrine applies to cases satisfying a four part test: (1) the federal-court plaintiff lost in state court; (2) the plaintiff "must complain of injuries caused by a state-court judgment"; (3) the plaintiff "must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced."  <u>Hoblock v. Albany County Bd. of Elections</u>, 422 F.3d 77, 85 (2d Cir. 2005).  The Debtor contends that he is complaining of fraud on the court by officer of the court that occurred prior to the issuance of Foreclosure Judgment.  (Mot. to Reconsider Lifting of the Stay, 14-41678-CEC, ECF No. 61 at ¶ 26.)  The Debtor's argument is without merit, as the injury the Debtor complains of was caused by the issuance of the Foreclosure Judgment, not by the purported fraud.  The alleged fraud itself caused no injury from which the Debtor seeks redress in this Court.  The Debtor wishes to void the Foreclosure Judgment, which this Court may not do under <u>Rooker-Feldman</u>.  <u>See</u> <u>In re Richmond</u>, 513 B.R. at 39-40.  The Debtor's claim of fraud is also barred by principles of res judicata.  <u>See</u> <u>id.</u> at 40 ("Under New York law, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action.' <u>Marvel Characters, Inc. v. Simon</u>, 310 F.3d 280, 286-87 (2d Cir. 2002).").

<u>CONCLUSION</u>

For the foregoing reasons, the Debtor's motions for reconsideration and motions to reargue are denied.  A separate order will issue.



**Dated: Brooklyn, New York**
**September 29, 2014**

Carla E. Craig

**Carla E. Craig**
**United States Bankruptcy Judge**