UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re: Chapter 13

Eric H. Richmond Case No. 14-41678 (CEC)

Debtor.

# DECISION

APPEARANCES:

Eric H. Richmond
227 4th Avenue
Brooklyn, New York 11215
*Pro-se Debtor*

Glenn P. Warmuth, Esq.
Stim & Warmuth, P.C.
2 Eighth Street
Farmingville, New York 11738
*Counsel for P.B. #7 LLC*

CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter comes before the Court on the motion of the debtor, Eric H. Richmond (the "Debtor"), to stay the Court's order granting the motion of P.B. #7 LLC ("P.B.") to lift the automatic stay, pursuant to § 362(d)(4), pending the outcome of Mr. Richmond's appeal.[1] The Debtor's request for a stay pending appeal is denied because the Debtor has failed to show that he will suffer actual and imminent irreparable injury if the Court's order is not stayed; the Debtor has failed to show that the secured creditor will not suffer substantial injury if a stay is granted; the Debtor has failed to demonstrate that his appeal has a substantial possibility of success on the merits; and the Debtor has failed to demonstrate that the public interest supports granting a stay.

JURISDICTION

This Court has jurisdiction of this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (G), 28 U.S.C. § 1334, and the Eastern District of New York standing order of reference dated August 28, 1986, as amended by order dated December 5, 2012. This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rule of Bankruptcy Procedure 7052.

BACKGROUND

This chapter 13 case was filed shortly after the automatic stay was vacated in the single asset real estate chapter 11 case of 231 Fourth Avenue Lyceum ("Lyceum") (13-42125-CEC), to permit P.B. to pursue foreclosure on real property located at 227-231 4th Avenue, Brooklyn, New York (the "Property").[2] Eric Richmond, the debtor in this chapter 13 case (the "Debtor"), is the sole shareholder of Lyceum, and is a defendant in P.B.'s foreclosure action. P.B. is the holder of a judgment of foreclosure and sale against both Lyceum and the Debtor (the "Foreclosure

[1] Unless otherwise indicated, statutory citations are to provisions of Title 11, U.S.C.; citations to "Rules" are to the Federal Rules of Civil Procedure and to "Bankruptcy Rules" are to the Federal Rules of Bankruptcy Procedure.
[2] Familiarity with the facts in Lyceum's case is assumed. See In re 231 Fourth Ave. Lyceum, LLC, 506 B.R. 196, 200-201 (Bankr. E.D.N.Y. 2014) (providing a history of Lyceum's case).

Judgment"). The Debtor's and Lyceum's bankruptcy cases were each filed to stay P.B.'s foreclosure of the Property.

In Lyceum's bankruptcy case, the Court granted a motion by P.B. to lift the automatic stay with respect to the Property. In re 231 Fourth Ave. Lyceum, LLC, 506 B.R. 196, 203 (Bankr. E.D.N.Y. 2014). The decision to lift the automatic stay was based upon the fact that Lyceum's proposed plan of reorganization was not feasible and that Lyceum was barred from attacking the Foreclosure Judgment in bankruptcy court by reason of the Rooker-Feldman doctrine and principles of res judicata. Id. at 206-208. Lyceum filed a motion seeking reconsideration of the decision to lift the stay, which was denied by decision and order dated July 17, 2014. In re 231 Fourth Ave. Lyceum, LLC, 513 B.R. 25 (Bankr. E.D.N.Y. 2014); (Mot. to Reargue or Renew, 13-42125-CEC, ECF No. 92; Decision, 13-42125-CEC, ECF No. 101; Order, 13-42125-CEC, ECF No. 102.) Although the order lifting the stay in Lyceum's bankruptcy case was appealed, that appeal has not been perfected. 231 Fourth Avenue Lyceum v. P.B. #7, LLC, 14-cv-02860-WFK.

Following the lifting of the automatic stay in Lyceum's chapter 11 case, no further action was taken to pursue reorganization, and Lyceum's chapter 11 bankruptcy case was dismissed on September 5, 2014. (Order Overruling Objection and Dismissing Case, 13-42125-CEC, ECF No. 113.) The order dismissing Lyceum's case has been appealed. (Notice of Appeal to District Court, 13-42125-CEC, ECF No. 117.)

After the stay was lifted in Lyceum's case, P.B. sought permission from the state court to file a notice of sale. (Affirmation in Supp., 14-41678-CEC, ECF No. 9 at ¶ 6.) One day before the return date of P.B.'s motion in state court, the Debtor commenced this bankruptcy case.

On April 15, 2014, P.B. filed a motion in this case seeking relief from the automatic stay pursuant to § 364(d)(4) (the "Motion for Relief") and an affirmation in support. (Mot. for Relief from Stay, 14-41678-CEC, ECF No. 8; Affirmation in Supp., 14-41678-CEC, ECF No. 9.) On May 13, 2014, the Debtor filed an affirmation in opposition to the Motion for Relief. (Affirmation in Opp'n, 14-41678-CEC, ECF No. 15.) On May 16, P.B. filed an affirmation in reply and further support, and on May 27, 2014, the Debtor filed an addendum to his affirmation in opposition. (Affirmation in Reply and Further Supp., 14-41678-CEC, ECF No. 16; Addendum to Affirmation in Opp'n, 14-41678-CEC, ECF No. 22.)

On July 17, 2014, the Court entered a decision and order granting the Motion for Relief (respectively, the "Decision" and the "Order"). In re Richmond, 513 B.R. 34 (Bankr. E.D.N.Y. 2014); (Decision, 14-41678-CEC, ECF No. 55; Order, 14-41678-CEC, ECF No. 57.) In the Decision, the Court found that the fact that the Debtor's and Lyceum's bankruptcy were each filed on the eve of significant events in the foreclosure action permitted an inference that the Debtor was attempting to hinder or delay P.B.'s efforts to enforce the Foreclosure Judgment, and that this fact combined with the Debtor's effort to use this case as a vehicle to collaterally attack the Foreclosure Judgment, notwithstanding this Court's ruling in the Lyceum chapter 11 case that he may not do so, warranted a finding that this bankruptcy case was filed as "part of a scheme to hinder, delay, or defraud" P.B. within the meaning of § 362(d)(4). In re Richmond, 513 B.R. at 38-39. The Court rejected the Debtor's argument that the Rooker-Feldman doctrine and principles of res judicata did not apply to the Foreclosure Judgment. Id. at 39-40. The Court also rejected the Debtor's argument that the Foreclosure Judgment was void because the Kings County Supreme Court entered the Foreclosure Judgment in violation of New York Civil Practice Law and Rules § 3215(c). Id. at 39. Finally, the Court determined that the Debtor had

no ability to restructure the debt secured by the Property in his chapter 13 bankruptcy case, as the Property was not property of the Debtor's estate. Id. at 9-10.

On July 28, 2014, the Debtor filed a Motion to Reconsider Lifting of the Stay, and on July 31, 2014, he filed a Motion to Reargue Lifting of the Stay (respectively, the "First Motion to Reconsider" and the "First Motion to Reargue"). (Mot. to Reconsider Lifting of the Stay, 14-41678-CEC, ECF No. 61; Mot. to Reargue Lifting of the Stay, 14-41678-CEC, ECF No. 62.) On August 6, 2014, P.B. filed affirmations in opposition to the First Motion to Reconsider and the First Motion to Reargue. (Affirmation in Opp'n, 14-41678-CEC, ECF No. 63; Affirmation in Opp'n, 14-41678-CEC, ECF No. 65.) On August 11, 2014, the Debtor filed affirmation in further support of the First Motion to Reconsider and the First Motion to Reargue. (Affirmation in Further Supp., 14-41678-CEC, ECF No. 67; Affirmation in Further Supp., 14-41678-CEC, ECF No. 68.)

On August 14, 2014, an amended order granting the Motion for Relief was entered, which amended the Order by identifying the block and lot number and legal description of the Property and by including a direction to the New York City Department of Finance, Office of the City Register, to accept a certified copy of that order for recordation (the "Amended Order"). (Am. Order, 14-41678-CEC, ECF No. 71.) On August 23, 2014, the Debtor filed a Notice of Appeal from the Amended Order. (Notice of Appeal to District Ct., 14-41678-CEC, ECF No. 74.) On August 25, 2014, the Debtor filed a motion to reconsider the Amended Order, and, on August 27, 2014, the Debtor filed a motion to reargue the amended order (respectively, the "Second Motion to Reconsider" and the "Second Motion to Reargue"). (Mot. to Reconsider Decision and Order dated August 13, 2014, 14-41678-CEC, ECF No. 77; Mot. To Reargue Lifting of Automatic Stay, 14-41678-CEC, ECF No. 80.) On September 29, 2014, the Court

issued a decision and order denying the First and Second Motion to Reconsider, and the First and Second Motion to Reargue. (Decision, 14-41678-CEC, ECF No. 97; Order, 14-41678-CEC, ECF No. 98.)

On September 25, 2014, the Debtor filed a Motion to Stay Pending Appeal, which seeks to stay the Amended Order pending the outcome of the Debtor's appeal of the Amended Order (the "Stay Motion"). (Mot. to Stay Order Pending Appeal and Waiving any Requirement that Debtor Post a Bond Pursuant to Bankruptcy Rule 8005, 14-41678-CEC, ECF No. 93.) In the Stay Motion, the Debtor states that the Property is scheduled to be sold on October 23, 2014. Id. at ¶ 24. On October 1, 2014, P.B. filed an affirmation in opposition and memorandum of law in opposition to the Stay Motion. (Affirmation in Opp'n, 14-41678-CEC, ECF No. 103; Mem. of Law in Opp'n, 14-41678-CEC, ECF No. 105.)

## ARGUMENTS

The Debtor raises four arguments in the Motions: (1) that if the Stay Motion is not granted, the Debtor will suffer irreparable harm because of his reliance on the income generated by the Property in his efforts to reorganize his financial affairs under chapter 13; (2) that P.B. will not suffer substantial injury if a stay is issued; (3) that the Debtor has a substantial possibility of success on appeal; and (4) that public interest favors a stay.

## DISCUSSION

Bankruptcy Rule 8005 governs a motion for a stay pending appeal:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court . . . reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or

> make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court . . ., but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. The district court . . . may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court. . . .

Fed. R. Bankr. P. 8005. The decision whether or not to grant a stay pending appeal lies within the sound discretion of the court. See, e.g., In re Overmyer, 53 B.R. 952, 955 (Bankr. S.D.N.Y. 1985) ("A motion for a stay pending appeal, as authorized under Bankruptcy Rule 8005, is discretionary.").

In the Second Circuit, the standard for considering a motion for a stay under Rule 8005 is: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated 'a substantial possibility, although less than a likelihood, of success' on appeal, and (4) the public interests that may be affected." In re TE Roslyn, LLC, 2012 WL 3063991, at *3 (Bankr. E.D.N.Y. July 26, 2012) (quoting In re Taub, 470 B.R. 273, 277–78 (E.D.N.Y. 2012)); see In re Smith, 2009 WL 366577, at *2 (E.D.N.Y. Feb. 12, 2009), aff'd, 645 F.3d 186 (2d Cir. 2011); In re American Land Acquisition Corporation, 2013 WL 2481534, at *6 (Bankr. E.D.N.Y. June 10, 2013); In re Atkinson, 2012 WL 6138217, at *3 (Bankr. E.D.N.Y. Dec. 11, 2012); see also Jenkins v. INS, 32 F.3d 11, 14 (2d Cir. 1994); Hirschfeld v. Bd. of Elections in the City of N.Y., 984 F.2d 35, 29 (2d Cir. 1993). "The single most important factor is the likelihood of success on the merits." In re Baker, No. 05-cv-3487, 2005 WL 2105802, at *3 (E.D.N.Y. Aug. 31, 2005); FFG-NJ Vehicle Funding Corp. v. Holtmeyer (In re Holtmeyer), 229 B.R. 579, 582 (E.D.N.Y. 1999). "However, '[t]he requisite showing of substantial possibility of

success is inversely proportional to the amount of irreparable injury [plaintiff] will suffer absent the stay.'" In re Taub, 470 B.R. at 278 (quoting In re Adelphia Commc'ns Corp., 361 B.R. 337, 349 (S.D.N.Y. 2007)).

The party seeking the stay bears the burden of proving entitlement to a stay. See U.S. v. Private Sanitation Indus. Assoc. of Nassau/Suffolk, Inc., 44 F.3d 1082, 1084 (2d Cir. 1995); In re American Land Acquisition Corporation, 2013 WL 2481534, at *6. Courts in the Second Circuit are split as to the showing the moving party must make under Bankruptcy Rule 8005, with some courts holding that "failure to satisfy one prong of the standard ... dooms his motion," while others hold that the test should be "a balancing of factors that must be weighed." In re Taub, 470 B.R. at 277-278 (comparing In re Bijan–Sara Corp., 203 B.R. 358 (2d Cir. BAP 1996) (citing Green Point Bank v. Treston, 188 B.R. 9, 11 (S.D.N.Y.1995)), with In re Adelphia, 361 B.R. at 347). If the applicant "seeks the imposition of a stay without a bond, the applicant has the burden of demonstrating why the court should deviate from the ordinary full security requirement." In re DJK Residential, LLC., 2008 WL 650389 at *2 (S.D.N.Y. Mar. 7, 2008); In re WestPoint Stevens, Inc., 2007 WL 1346616, at *4 (S.D.N.Y. May 9, 2007).

Here, the Debtor fails to meet the movant's burden under the more lenient "balancing standard." In re Adelphia, 361 B.R. at 347.

(a) Actual and Imminent Irreparable Injury

"A showing of probable irreparable harm is the principal prerequisite for the issuance of a stay. Irreparable harm must be neither remote nor speculative, but actual and imminent." In re Taub, 470 B.R. at 278 (quoting In re Adelphia, 361 B.R. at 347.). Injuries that are "fully remedied by monetary damages do not constitute irreparable harm." In re Taub, 470 B.R. at 278 (citing Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh, 934 F.2d 30, 34 (2d Cir. 1991)). "[A]bsent special circumstances, the sale of commercial property does not create an irreparable

harm, since any harm due to the sale of the property or interference with the business can be remedied with monetary damages." Javino v. Pergament, 2013 WL 1952639 (E.D.N.Y. May 10, 2013) (citing In re Taub, 470 B.R. at 278; Dexter 345 Inc. v. Cuomo, No. 11-cv-1319, 2011 WL 1795824, at *2–3 (S.D.N.Y. May 3, 2011), aff'd, 663 F.3d 59 (2d Cir. 2011)).

The Debtor argues that absent a stay, the Property will be sold and that the Debtor's efforts to reorganize will be seriously impaired. (Mot. to Stay Order Pending Appeal and Waiving any Requirement that Debtor Post a Bond Pursuant to Bankruptcy Rule 8005, 14-41678-CEC, ECF No. 93 at ¶ 30.) The Debtor's claim that he may be forced to terminate the business conducted at the Property if the foreclosure sale takes place is not sufficient to satisfy the burden to show irreparable harm. See In re Taub, 470 B.R. at 278 (finding "alleged loss of future rental income and the loss of the properties" are insufficient to demonstrate irreparable harm). Like the debtor in Taub, the Debtor "has provided no evidence as to why, in the unlikely event [he] prevails on appeal, a later grant of monetary damages would not remedy any harm." Id.

In considering the Debtor's claim of irreparable harm, it should be noted that the Debtor does not propose, in his chapter 13 plan, to restructure the debt owed to P.B. that is secured by the Property, nor could he, given that the Property is owned by Lyceum and therefore is not property of the Debtor's estate. See In re Richmond, 513 B.R. at 40-41. In fact, the Debtor does not propose any repayment of P.B. in his chapter 13 case; his opposition to the Motion for Relief, and his appeal, are not based upon any plan to repay P.B., but upon the contention that the Foreclosure Judgment should be set aside or disregarded by the bankruptcy court.[3] (Affirmation in Opposition, 14-41678-CEC, ECF No. 15; Affirmation in Opposition, 14-41678-CEC, ECF

[3] (Affirmation in Opposition,14-41678-CEC, ECF No. 30), which was filed in opposition to the chapter 13 trustee's motion to dismiss, sets forth at length the Debtor's arguments in this regard.

No. 30.) This argument is meritless for reasons that have been explained in In re 231 Fourth Ave. Lyceum, LLC, 506 B.R. at 206-08, In re 231 Fourth Ave. Lyceum, LLC, 513 B.R. at 30-33, In re Richmond, 513 B.R. at 38-40, and In re Richmond, 2014 WL 4823640 (Bankr. E.D.N.Y. Sept. 29, 2014). Thus, in essence, the Debtor seeks a stay pending appeal so that he may continue to shield the Property, owned by Lyceum, from foreclosure, while using the income generated by the Property to pay his individual creditors (not including P.B.) in this chapter 13 case.

In evaluating the Debtor's claim that he will suffer irreparable harm absent a stay pending appeal, it should also be noted that if, as the Debtor asserts, the Foreclosure Judgment was improperly obtained or is void, the Debtor could seek a stay from the state court that issued the Foreclosure Judgment. St. Clement v. Londa, 779 N.Y.S.2d 460, 461 (N.Y. App. Div. 2004). ("The remedy for fraud allegedly committed during the course of a legal proceeding must be exercised in that lawsuit by moving to vacate the civil judgment (CPLR 5015(a)(3)), and not by another plenary action collaterally attacking that judgment.").

(b) Substantial Injury to Other Parties if a Stay is Granted

This factor requires the Court to assess the prejudice to other parties that would result if the stay is granted. The Debtor argues that P.B. "will suffer little if any harm by the issuance of a stay," because the value of the Property is "far in excess of the amount alleged to be owed to PB." (Mot. to Stay Order Pending Appeal and Waiving any Requirement that Debtor Post a Bond Pursuant to Bankruptcy Rule 8005, 14-41678-CEC, ECF No. 93 at ¶ 31.)

On August 11, 2014, P.B. filed a proof of claim for $6,773,410.94 in the this case based upon the Foreclosure Judgment, with post-judgment interest, which accrues at an annual rate of 9%, or $1,263.70 per day. (Mem. of Law in Opp'n, 14-41678-CEC, ECF No. 105; Proof of Claim 4-1, 14-41678-CEC); N.Y. C.P.L.R. § 5004. The Debtor valued the Property at

$7,250,000 in Schedule A filed in Lyceum's bankruptcy case, and now asserts that the Property should be valued at $18 million based on location and square footage, but has provided no evidence to support either valuation. (Schedule A, 13-42125-CEC, ECF No. 10 at 2; Mot. to Stay Order Pending Appeal and Waiving any Requirement that Debtor Post a Bond Pursuant to Bankruptcy Rule 8005, 14-41678-CEC, ECF No. 93 at ¶ 31.) The value of the Property has never been determined, in this case or in Lyceum's chapter 11 case.

On this record, the Debtor has failed to meet the burden to show that the imposition of a stay pending appeal will not cause substantial injury to P.B.

(c) Substantial Possibility of Success on Appeal

Whether the Debtor has a substantial possibility of success on appeal is the most important factor to consider in evaluating a motion for a stay pending appeal. In re Baker, No. 05-cv-3487, 2005 WL 2105802, at *3. The Debtor contends that he has a "substantial possibility of success in appealing the [Amended] Order because the Court addressed several serious, complicated and novel (or extremely uncommon enough as to be unfamiliar) issues that would be fair grounds for litigation and more deliberate investigation." (Mot. to Stay Order Pending Appeal and Waiving any Requirement that Debtor Post a Bond Pursuant to Bankruptcy Rule 8005, 14-41678-CEC, ECF No. 93 at ¶ 32.)

This appeal presents no novel or complicated issues of law or fact. It is a dispute between a secured creditor holding a judgment of foreclosure against real property, and the individual shareholder of the limited liability corporation that owns the real property. At issue is whether the bankruptcy court can reverse, vacate, void, nullify, or otherwise disregard the Foreclosure Judgment. The Debtor's arguments have been addressed in multiple decisions. In re 231 Fourth Ave. Lyceum, LLC, 506 B.R. 196; In re 231 Fourth Ave. Lyceum, LLC, 513 B.R.

25; In re Richmond, 513 B.R. 34; In re Richmond, 2014 WL 4823640 (Bankr. E.D.N.Y. Sept. 29, 2014). As explained in these decisions, both the Rooker-Feldman doctrine and principles of res judicata prohibit any collateral attack upon the Foreclosure Judgment in this Court, and the Debtor's arguments why these doctrines should not apply are unavailing. There is no substantial possibility of success on appeal.

(d) Public Interest

The Debtor argues that if the Stay Motion is granted it would secure his due process right to appeal serious legal questions. (Mot. to Stay Order Pending Appeal and Waiving any Requirement that Debtor Post a Bond Pursuant to Bankruptcy Rule 8005, 14-41678-CEC, ECF No. 93 at ¶ 33.) This argument addresses the Debtor's private interest in pursuing his appeal and fails to raise any public interest that would be served by granting the Stay Motion.

On the other hand, imposition of a stay would continue the harm that the Amended Order sought to address; specifically, the Debtor's efforts to "delay, [or] hinder" P.B.'s execution of its foreclosure judgment by collaterally attacking the foreclosure judgment in this Court. In re Richmond, 2014 WL 4823640, at *5 (Bankr. E.D.N.Y. Sept. 29, 2014) ("The evidence of a 'scheme to delay, hinder, or defraud creditors' is further supported by the Debtor's continued efforts to use the bankruptcy filings to collaterally attack the Foreclosure Judgment, notwithstanding repeated rulings that such a collateral attack is precluded by res judicata and Rooker-Feldman.") (quoting 11 U.S.C. § 362(d)(4)). In addition, public interest favors the prompt and efficient resolution of disputes. In re Adelphia, 361 B.R. at 367-68; In re Enron Corp., 01-16034, 2006 WL 2400411 (Bankr. S.D.N.Y. May 10, 2006).

To the extent that the public interest is implicated at all in this matter, it favors the denial of the Stay Motion.

CONCLUSION

Application of the balancing standard to the four criteria to be considered in connection with a motion for a stay pending appeal results in the conclusion that the Debtor's Stay Motion must be denied. A separate order will issue.




**Dated: Brooklyn, New York**
**October 10, 2014**

**Carla E. Craig**
**United States Bankruptcy Judge**