UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

| | |
|---|---|
| In Re: | Case No. 14-41678 |
| ERIC H. RICHMOND, | Chapter 13 |
| Debtor. | **AFFIRMATION IN OPPOSITION** |

-------------------------------------------------------X

Jordan S Katz, under penalty of perjury, deposes and says:

1. I am the attorney for Select Portfolio Servicing, Inc. as servicing agent for U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005-HE8, Asset Backed Pass-Through Certificates, Series NC 2005-HE8., ( hereinafter "U.S. Bank") and am fully familiar with the facts and circumstances hereinafter set forth. Said information and belief being as a result solely of documentation provided to me by Select Portfolio Servicing, Inc. Any and all representations made by your affiant are based entirely upon said information. I submit this affirmation in opposition to the Affirmation dated April 3, 2015 submitted by Eric H. Richmond in further support of Debtor's motion objecting to Claim # 5-1 dated August 12, 2014.

2. On March 17, 2015 this Court held a hearing on Debtor's motion to expunge claim # 5 filed by U.S. Bank's. At the hearing counsel for U.S. Bank appeared with the original Note which contained an endorsement into blank. The original Note was made available for Mr. Richmond and the Court to inspect. On March 17, 2015 Court personnel made a copy of the original Note, placed an exhibit tab on same, and gave a copy of the original Note to the Debtor. At the hearing U.S. Bank alleged that as the holder of an original bearer instrument[1] that it had

---

[1] The effect of the blank indorsement was to make the note payable to bearer pursuant to UCC § 1-201(5), which may be negotiated by transfer of possession alone . See UCC §§ 3-204[2] and 3-202 [1].

set forth a prima facie case of standing. Thereafter, by letter to this Court dated March 19, 2015 U.S. Bank confirmed that it would really upon such possession to establish its standing to proceed.

3.   As set forth in this Court's Scheduling Order dated March 20, 2015 subsequent to the March 17, 2015 hearing the Debtor was permitted to submit further papers limited to outlining any of his objections with respect to the original Note presented at the hearing and to submit any additional briefing *solely* with respect to Debtor's contention that New York State Law precludes trusts from holding promissory notes endorsed in blank.

4.   As relates to the original Note the Debtor has not set forth any legally recognized objections to the Note but generically alleges fraud without supplying any facts or elements of a claim of fraud.   The Debtor claims that he needs a "forensic review" of the Note but sets forth no valid issues contesting the Note or the purpose of a forensic review. All that Debtor alleges is that it may not be an original Note without any evidence to support such a claim. *Most telling is that fact that the Debtor never denies that the original Note contains his original signature*. No explanation is set forth how his signature could appear on anything other than the original Note. This Court is respectfully referred to that fact that copies of Notes are regularly entertained by New York State Trial Courts when deciding summary judgment motions.  In fact, as relates to summary judgment motions in foreclosure action the law is clear that the plaintiff is not required to produce the original note as part of its prima facie case. See, <u>Bank National Association v. Mosquera</u> 2013 N.Y. Misc. LEXIS 3319; 2013 NY Slip Op 31720(U)( Sup. Queens 2013) wherein the plaintiff provided a copy of the note  and the court set forth that all that is required is that the plaintiff provide a copy in accordance with CPLR § 4518(a). In the instant matter U.S. Bank has provided the ultimate proof by producing the original Note and the Debtor has not

denied his signature thereon or submitted any legal basis to require any further proof regarding the Note or U.S. Bank's standing to proceed.

5. The Debtor has not submitted a brief which supports his allegation that that New York State Law precludes trusts from holding promissory notes endorsed in blank. Instead the Debtor continues along a path of rearguing past issues or raising new issues not properly before this Court. U.S. Bank will adhere to the terms of the Scheduling Order and not engage in ancillary arguments with the Debtor other than to deny the Debtor's boilerplate allegation of fraud.

**WHEREFORE**, we respectfully submit this opposition and request that the Debtor's motion objecting to claim be denied along with such further, other, and different relief as the court deems just and proper.

Dated: April 14, 2015
      Melville, New York

Kozeny, McCubbin & Katz, LLP

_____
/s/ Jordan S Katz
Attorneys for Attorneys for Select Portfolio Servicing, Inc. as servicing
Agent for U.S. Bank National Association
40 Marcus Drive
Suite 200
Melville, New York 11747
(631)454-8059