**UNITED STATES BANKRUPTCY COURT**
EASTERN DISTRICT OF NEW YORK
------------------------------------------------- X
In Re:                                              Chapter 13
                                                    Case No. 14-41678 (CEC)

     Eric Richmond
          Debtor
------------------------------------------------- X

**AFFIRMATION OF SERVICE**
**STATE OF NEW YORK)**
           ) ss.
**COUNTY OF KINGS)**

I, ERIC RICHMOND, being sworn, say:

I declare under penalty of perjury that the foregoing is true and correct.

I am a party to the action, am over 18 years of age and reside in Kings County, New York. On May 24, 2017 I served the within **AFFIDAVIT OF REFEREE GREGORY CERCHIONE FAILING TO CONTEST ALLEGATION OF LIEING IN OFFICIAL CAPACITY AND STATING OFFICIAL CAPACITY IS AUTHORIZED BY STATUTE TO LIE** by depositing the same with the United States Postal Service.

The names and addresses of persons served by United States Postal Service:

| | |
|---|---|
| Stim and Warmuth<br>2 8th st<br>Farmingville, NY 11738<br>ATTN: Glenn P. Warmuth | United States Trustee<br>201 Varick Street, Suite 1006<br>New York, New York 10014<br>Attn: William Curtin<br><br>Michael Macco - Trustee<br>2950 Expy Dr S #109<br>Islandia, NY 11749 |

DATE: May 24, 2017

        Signature: _____
        ERIC RICHMOND
        2107 Regent Place
        Brooklyn, NY  11226

STATE OF NEW YORK  )
                   )ss:
COUNTY OF NEW YORK )

GREGORY T. CERCHIONE, ESQ., being duly sworn, deposes and says:

1. I make this affidavit in response and opposition to the Common Law Notice Claim of Lien Obligation & Affidavit of Truth and Fact, UCC Tracking AICS20161213B, sworn to on December 13, 2016, by Eric Hawkes Richmond (the "Notice").

2. The Notice is unlawful, invalid and contrary to applicable law. Accordingly, it should be discharged, cancelled and of no further effect.

3. My appointment as Referee in the action, <u>P.B. #7 LLC v. 231 Fourth Avenue Lyceum, LLC, et al.</u>, Supreme Court of the State of New York, County of Kings, Index No. 10035/08, was pursuant to applicable law.

4. My execution and delivery of a Referee's Deed in Foreclosure, dated January 20, 2015, was done in accordance with the powers conferred upon me as a result of such appointment and pursuant to applicable law.

5. Thus, the Notice should be discharged, cancelled and of no further effect.

                                                                                                       _____
                                                                                                       GREGORY T. CERCHIONE

Sworn to before me this
12th day of January, 2017

_____
Notary Public

JEN M PHILLIP
Notary Public, State of New York
No. 01PH6299086
Qualified in Kings County
Commission Expires March 17, 2018

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | Augustinos Eungjin Kim |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Eastern District of New York |
| Case number | 8-17-71164-reg |

CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2017 MAY 24   A 9: 01

RECEIVED

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
US Small Business Administration
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Suzanne Ulicny
Name
26 Federal Plaza, Room 3100
Number      Street
New York          NY          10278
City              State       ZIP Code

Contact phone  212 264-1482
Contact email  suzanne.ulicny@sba.gov

Where should payments to the creditor be sent? (if different)

Sylvia Garcia
Name
801 R Street, Suite 101
Number      Street
Fresno            CA          93721
City              State       ZIP Code

Contact phone  800 347-0922 x2933
Contact email  sylvia.garcia@sba.gov

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
6243095009 _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on ___/___/_____
                                                                   MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

6. Do you have any number you use to identify the debtor?
   ☐ No
   ☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  5  0  0  9

7. How much is the claim?    $_____66,647.90. Does this amount include interest or other charges?
   ☑ No
   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.

   Principal due on a small business loan.

9. Is all or part of the claim secured?
   ☑ No
   ☐ Yes. The claim is secured by a lien on property.
   
   Nature of property:
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☐ Other. Describe: _____
   
   Basis for perfection: _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)
   
   Value of property:                             $_____
   Amount of the claim that is secured:           $_____
   
   Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)
   
   Amount necessary to cure any default as of the date of the petition:    $_____
   
   Annual Interest Rate (when case was filed)_____%
   ☐ Fixed
   ☐ Variable

10. Is this claim based on a lease?
    ☑ No
    ☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

11. Is this claim subject to a right of setoff?
    ☑ No
    ☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No
☐ Yes. Check one:

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $_____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $_____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).   $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.   $_____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   05/19/2017
                   MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

Name:   Suzanne _____ Ulicny
        First name   Middle name   Last name

Title:  District Counsel

Company: Small Business Administration
        *Identify the corporate servicer as the company if the authorized agent is a servicer.*

Address: 26 Federal Plaza, Room 3100
        Number   Street
        New York                              NY       10278
        City                                  State    ZIP Code

Contact phone: 212 264-1482          Email: suzanne.ulicny@sba.gov

U.S. Small Business Administration

## AUTHORIZATION
### (SBA*Express*/Patriot Express LOAN)

SBA Loan#: ▓▓▓▓▓5009

| | |
|---|---|
| U.S. Small Business Administration | Lender: |
| New York District Office | JPMorgan Chase Bank, NA |
| 26 Federal Plaza, Suite 3100 | 1111 Fannin St., 15th Floor |
| New York, NY 10278 | Houston, TX 77002 |

Lender is issuing this SBAExpress or Patriot Express Loan Authorization for SBA to guarantee **50%** of a loan in the amount of **$70,000.00** to be made by Lender to assist:

Borrower:   **Uni Cafe 153 Corp**
   **2937 Broadway, New York, NY 10025**

Lender's issuance is in accordance with either the SBAExpress Supplemental Loan Guaranty Agreement between Lender and SBA for an SBAExpress Loan or the Patriot Express Supplemental Loan Guaranty Agreement between Lender and SBA for a Patriot Express Loan.

This Authorization is subject to the application submitted by Borrower and the following terms and conditions:

1. Lender must comply with current SBA Form 750, and the provisions of the Small Business Act, 15 U.S.C. § 631, et. seq., SBA regulations, SBA Standard Operating Procedures, SBA Official Notices, the SBAExpress Program Guide or the Patriot Express Pilot Loan Initiative Procedural Guide (depending on the type of loan), and the SBAExpress Supplemental Loan Guaranty Agreement or the Patriot Express Supplemental Loan Guaranty Agreement between Lender and SBA (depending on the type of loan), all of which may be amended from time to time.

2. Lender must make first disbursement of the loan no later than 6 months, and complete disbursement no later than 12 months, from the date of this Authorization. For a revolving line of credit loan, Lender must make no disbursement of this loan beyond the maturity date.

3. For loans with a maturity of more than 12 months, Lender must pay a guaranty fee of 2% of the amount guaranteed for loans of $150,000 or less (Lender may retain no more than 25% of this fee) and 3% for loans of more than $150,000 to the Small Business Administration, Denver, CO 80259-0001, within 90 days of the date of this Authorization. For loans with a maturity of 12 months or less, Lender must pay a guaranty fee of .25% of the amount guaranteed to the same address within 10 days after SBA issued the SBA Loan Number. **The guaranty fee for this loan is $700.00.**

4. Lender must have Borrower execute a Note containing the following repayment terms:

**This Note will mature in 7 year(s) and 0 month(s) from the date of Note.**

**The interest rate on this loan will fluctuate. The initial interest rate is 7.40% per year. The initial rate is the prime rate plus 4.15%.**

Payments of accrued interest or $100.00, whichever is greater, but not to exceed the then outstanding balance of this Note, shall be payable monthly, until the Final Availability Date. The term "Final Availability Date" as used herein means the 3 year anniversary date of this Note. Effective, without any further notice, after the Final Availability Date, no further advances under this line of credit will be available. Thereafter, on the same calendar day as payments were due prior to the Final Availability Date, 47 monthly payments shall be due with each payment equal to the greater amount of (1) $250.00, or (2) the aggregate sum of (a) accrued interest, plus (b) 1/84th of the unpaid principal balance immediately following the Final Availability Date. A final payment shall be due and payable on the same calendar day in the 48th month following the Final Availability Date in the amount of the outstanding principal balance of this Note, plus all accrued but unpaid interest and any other unpaid amounts due under this Note.

5. Lender must develop and maintain evidence of a system or process to reasonably ensure that proceeds of loan were used for the following eligible business purposes:

**$70,000.00**                                        **Working Capital**

6. Lender must satisfy the following collateral conditions:

**Collateral:** First lien on all business assets.

**Guaranty(ies) of:** Augustinos Kim


LENDER

By: _____                         6/15/2013
      (Authorized Signature)                          (Date)

   Samuel Li, Loan Coordinator
   (Print Name/Title)

# CONTINUING UNLIMITED GUARANTY

**Borrower:**
Uni Cafe 153 Corp.
2937 Broadway
New York, NY 10025
Reference Number: 20NY1856808-2

**Lender:**
JPMorgan Chase Bank, NA
Fresh Meadows LPO
187-08 Horace Harding Expwy
Fresh Meadows, NY 11365

**Guarantor:**

Augustinos Kim

Guaranty. To induce Lender, at its option, to make financial accommodation, make or acquire loans, extend or continue credit or some other benefit, present or future, direct or indirect, and whether several, joint or joint and several, and in the State of Louisiana, solidary, to Borrower, whether one or more, and because the undersigned (each a "Guarantor") has determined that executing this guarantee of the Indebtedness (the "Guaranty") is in the interest of Guarantor, and to the financial benefit of Guarantor, Guarantor, as primary obligor and not merely as surety, absolutely and unconditionally guarantees to the Lender the performance of and full and prompt payment of the Indebtedness when due, whether at stated maturity, by acceleration or otherwise. The Guarantor will also reimburse Lender for any Collection Amounts, including, without limitation, reasonable attorney fees, costs and other Collection Amounts, Lender may pay in collecting from Borrower or Guarantor, and for liquidating any Collateral, both before and after judgment.

Certain definitions and other additional terms and conditions of this Guaranty are attached hereto and are incorporated herein by reference (the "Additional Terms"). Guarantor acknowledges receipt of the important Additional Terms which are part of this Guaranty.

GUARANTOR AGREES THIS IS A CONTINUING GUARANTY OF PAYMENT OF ALL INDEBTEDNESS OF BORROWER AND IS NOT LIMITED TO A SPECIFIC LOAN. "Indebtedness" is more fully defined in the Additional Terms, is used in its most comprehensive sense to mean any and all obligations of every kind and character of Borrower, or any one or more of them, to Lender, now existing or hereinafter incurred, and includes obligations owing after payment in full of the specific term loan or line of credit referenced in the Additional Terms.

Guarantor grants to Lender a security interest in all of Guarantor's accounts (whether checking, saving or some other account, other than tax deferred accounts) now or hereafter maintained with Lender or any JPMorgan Chase & Co. affiliate as security for repayment of the Indebtedness.

Guarantor agrees that (1) Lender may proceed against one or more Guarantor without proceeding against Borrower, any other Guarantor, any other obligor owing any portion of the Indebtedness, or any Collateral; (2) the terms of any agreement evidencing the Indebtedness, including the Note describing the specific term loan or line of credit referenced in the Additional Terms, along with any renewal, amendment or modification thereof, will be provided only to Borrower and it shall be the responsibility of Guarantor to obtain a copy of any such documents; (3) the Note describing the specific term loan or line of credit referenced in the Additional Terms is the binding obligation of Borrower, and if Borrower is an entity, is duly authorized by Borrower and is executed by a person authorized to sign on behalf of Borrower; (4) if Guarantor is an entity, this Guaranty is duly authorized by Guarantor and is executed by a person authorized to sign on behalf of Guarantor; (5) a facsimile of the signature of Guarantor, in any capacity, may be used to evidence Guarantor's acceptance of the terms of this Guaranty; (6) Lender may obtain credit bureau reports regarding Guarantor and Borrower; and (7) the terms

## CONTINUING UNLIMITED GUARANTY

of this Guaranty of all Indebtedness of Borrower, including those relating to the jury waiver (where not prohibited by applicable law), are the binding obligation of Guarantor.

_____  6/14/13
Augustinos Kim                              Date

# PROMISSORY NOTE

| | |
|---|---|
| **Borrower:** | **Lender:** |
| Uni Cafe 153 Corp. | JPMorgan Chase Bank, NA |
| 2937 Broadway | Fresh Meadows LPO |
| New York, NY 10025 | 187-08 Horace Harding Expwy |
| Reference Number: 20NY1856808-2 | Fresh Meadows, NY 11365 |

Principal Amount: $70,000.00                                        Date of Note: 06/14/2013

PROMISE TO PAY: Uni Cafe 153 Corp. ("Borrower") promises to pay to JPMorgan Chase Bank, NA, its successors and assigns ("Lender") or order, in lawful money of the United States of America, the total principal amount of $70,000.00 or so much as may be outstanding, together with interest on the unpaid outstanding principal balance from the date advanced until paid in full at the rate or rates referenced in this Note.

LOAN TYPE. This Note evidences a SBA Business Line of Credit.

PAYMENT TERMS. Borrower will pay this loan in accordance with the following payment schedule(s):

Accrued interest or $100.00, whichever is greater, but not to exceed the then outstanding balance of this Note, shall be payable monthly, beginning on July 14, 2013, and on the same calendar day monthly thereafter until the Final Availability Date. As of the Final Availability Date (as defined in the Additional Terms), no further advances under this line of credit will be available. Thereafter, 47 consecutive monthly payments shall be due on the same calendar day as payments were due prior to the Final Availability Date, with each payment equal to the greater amount of (1) $250.00, or (2) the aggregate sum of (a) accrued interest, plus (b) 1/84th of the unpaid principal balance immediately following the Final Availability Date. A final payment shall be due and payable on the same calendar day in the 48th month following the Final Availability Date in the amount of the outstanding principal balance of this Note, plus all accrued but unpaid interest and any other unpaid amounts due under this Note.

Payments and any other credits shall be allocated among principal, interest, late charges, collection costs, fees and other charges at the discretion of Lender, unless otherwise required by applicable law. Interest on this Note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding.

INTEREST RATE.

The unpaid principal balance of this Note shall accrue interest at a variable rate equal to the sum of the Prime Rate in effect from time to time plus 4.150 percentage point(s), except as otherwise provided herein. "Prime Rate" means a fluctuating interest rate announced by Lender as its prime rate (which rate may not be the lowest, best or most favorable rate of interest which Lender may charge on loans to its customers). Each change in the interest rate to be charged on the Note will become effective on the same day as the Prime Rate changes. The interest rate change will not occur more often than once each Business Day.

PREFERRED RATE. Borrower acknowledges that the interest rate on this Note includes a preferred rate reduction which remains in effect as long as the Borrower or a guarantor at all times maintains any open and active business checking account with Lender ("Business Account"). If the rate reduction is based on a guarantor's Business Account, the guaranty must be in existence as of the date of this Note and at all times this Note is outstanding. If the Business Account is not maintained for any reason whatsoever, voluntary or involuntary, the interest rate on this Note will increase by 0.250% ("Discount Percentage") and the preferred rate will be permanently terminated. If this is a fixed rate Note, then the rate stated in this Note will increase by the amount of the Discount Percentage. If this is a variable rate Note, then the rate will continue to be variable

Case 1-14-41678-cec    Doc 498    Filed 05/24/17    Entered 05/24/17 09:44:54

## PROMISSORY NOTE

Lender and Borrower or Guarantors. Borrower agrees to be bound by all terms of this Note, including but not limited to the jury waiver provisions (where not prohibited by applicable law). Borrower agrees that Lender may record or file this Note if Lender deems it necessary to protect its interest. Borrower acknowledges receipt of the important Additional Terms which are part of this Note and the Security Agreement included in this Note. BORROWER AGREES THIS SECURITY AGREEMENT SECURES ALL INDEBTEDNESS OF BORROWER AND IS NOT LIMITED TO A SPECIFIC LOAN. "Indebtedness" is more fully defined in the Additional Terms, is used in its most comprehensive sense to mean any and all obligations of every kind and character of Borrower, or any one or more of them, to Lender, now existing or hereinafter incurred, and includes obligations owing after payment in full of the specific term loan or line of credit described in this Note.

Borrower agrees that a facsimile of the signature(s) of the signer(s) of this Note, in any capacity, may be used to evidence the Borrower's acceptance of the terms of this Note. Any use of the principal amount or any other feature of this Note may be used as evidence of the foregoing authorizations, acceptances and agreements.

**CONDITIONS FOR FUNDING.** IN ADDITION TO THE OTHER REMEDIES UNDER THIS NOTE, WITHOUT THE CONSENT OF BORROWER OR NOTICE TO ANYONE, LENDER HAS NO OBLIGATION TO MAKE THE INITIAL ADVANCE OR ANY ADVANCE UNDER THIS NOTE IF LENDER DETERMINES, IN ITS SOLE DISCRETION, THAT (A) BORROWER'S NAME ON THIS NOTE OR ANY GUARANTOR'S NAME ON THE GUARANTY IS INCORRECT OR INCOMPLETE; (B) LENDER'S LIEN ON THE COLLATERAL WILL NOT BE THE FIRST LIEN, FREE AND CLEAR OF ALL OTHER LIENS, SECURITY INTERESTS OR ENCUMBRANCES; OR (C) ANY OTHER EVENT OF DEFAULT PROVIDED FOR IN THIS NOTE HAS OCCURRED. ADVANCING FUNDS ON THIS LOAN DOES NOT WAIVE ANY OF LENDER'S RIGHTS AND REMEDIES UNDER THIS NOTE.

Uni Cafe 153 Corp.

By: _[signature]_ Augustinos Kim    Print Title: President    Date: 6/14/13