UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                          Chapter 13

Eric H. Richmond,                                               Case No. 14-41678-cec

                            Debtor.
-------------------------------------------------------------x

## DECISION DENYING RECUSAL

In this chapter 13 bankruptcy case, Eric H. Richmond, debtor pro se (the "Debtor") has moved for an order pursuant to 28 U.S.C. §§ 144 and 455 recusing the undersigned. The asserted grounds for recusal are (1) the allegation that that the undersigned's husband, or the law firm in which he is a partner, represents a party having a financial stake in the outcome of issues before this Court; (2) an alleged familial relationship between the undersigned and an attorney representing a party with which the Debtor has litigated in state court; and (3) bias, as shown by rulings made in this case or by not entertaining certain arguments or evidence presented by the Debtor; refusal to allow the Debtor to continue argument on matters irrelevant to the issues before the Court or on matters on which the Court had ruled; and by the undersigned's summoning of court security officers when the Debtor, at a hearing held on May 10, 2017, refused to comply with the direction to stop talking at the conclusion of the hearing.

The Debtor's motion is denied, for reasons explained below.

LEGAL STANDARD

Recusal is governed by 28 U.S.C. §§ 144 and 455, which provide, in relevant part, as follows:

28 U.S.C. § 144

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 455

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> * * * *
>
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>
> (ii) Is acting as a lawyer in the proceeding;
>
> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>
> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

Although § 144 provides that a judge "shall proceed no further" when a "timely and sufficient affidavit" is filed stating that grounds for recusal exist, courts interpreting the statute make it clear that the filing of an affidavit does not require automatic recusal. Hoffenberg v. United States, 333 F. Supp. 2d 166, 171 (S.D.N.Y. 2004) (citing Nat'l Auto Brokers Corp. v. Gen. Motors Corp., 572 F.2d 953, 958 (2d Cir. 1978) (observing that the "mere filing of an affidavit of prejudice does not require a judge to recuse himself.")). As Judge Sweet explained in Hoffenberg:

> Rather, the trial judge "must review the facts included in the affidavit for their legal sufficiency and not recuse himself or herself unnecessarily." [Williams v. New York City Housing Auth., 287 F.Supp.2d 247, 249 (S.D.N.Y. 2003)] (citing Rosen v. Sugarman, 357 F.2d 794, 797 (2d Cir. 1966)). To be legally sufficient under Section 144, an affidavit must show "the objectionable inclination or disposition of the judge" [and] it must give "fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." Rosen, 357 F.2d at 798 (quoting Berger v. United States, 255 U.S. 22, 33–35, 41 S.Ct. 230, 65 L.Ed. 481 (1921)).

Hoffenberg, 333 F. Supp. 2d at 171.

Similarly, a court deciding a recusal motion under § 455(a) must determine "whether 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal,' or alternatively, whether 'a reasonable person, knowing all the facts,' would question the judge's impartiality." United States

v. Yousef, 327 F.3d 56, 169 (2d Cir. 2003) (citing United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir.1992) (citations omitted)), cert. denied, 540 U.S. 933 (2003).

In addressing a motion to recuse under § 455(b)(1), the court should apply the standard employed for evaluating a recusal under § 144. See Apple v. Jewish Hosp. & Med. Ctr., 829 F.2d 326, 333 (2d Cir. 1987) ("Courts considering the substantive standards of §§ 144 and 455(b)(1) have concluded that they are to be construed in pari materia.") Where a recusal motion is made under § 455(b)(2)-(5), which set forth circumstances in which recusal is mandatory, the court must determine whether any such grounds for recusal exist. As Judge Sweet noted in Hoffenberg:

> In general, [r]ecusal motions are committed to the discretion of the judge who is being asked to disqualify himself, who is enjoined to "weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case. Litigants are entitled to an unbiased judge, not to a judge of their choosing." United States v. El–Gabrowny, 844 F.Supp. 955, 958 (S.D.N.Y. 1994) (quoting In re Drexel Burnham Lambert, Inc., 861 F.2d 1307, 1312 (2d Cir. 1988) (citation omitted)).

Hoffenberg, 333 F. Supp. 2d at 172-73.

## DISCUSSION

In his motion, the Debtor cites fifteen "Bias Indicators," which he contends warrant recusal. They are quoted in full as follows:

### BIAS INDICATOR #1

10.    The court cited a repealed Maine Statute and failed to correct that error upon motion for reconsideration.

### BIAS INDICATOR #2

11.    The court found that a document seems to be and appears to be an original when the Attorney for the creditor admitted on the

4

record that it was a copy and the court failed to correct that error on motion for reconsideration.

## BIAS INDICATOR #3

12.   The court failed to disclose its familial affiliation to William D. Freedman, a senior counsel for Troutman Sanders, an entity whose alleged perjury led to stripping the debtor of equity to either avoid or pay of bankruptcy.

## BIAS INDICATOR #4

13.    The court failed to disclose a familial affiliation (husband Stuart Freedman of Schulte Rothe), an attorney for a company with a financial stake (The Related Companies: Equinox: Blink) in the outcome of issues before the court.

## BIAS INDICATOR #5

14.   The court repeatedly cut of and prevented Debtor from making a record on May 10, 2017 wherein Debtor attempted to detail knowledge of the actual commission of a felony cognizable by a court of the United States.

## BIAS INDICATOR #6

15.   The court repeatedly cut off and prevented Debtor from making a record on July 18, 2017 by arguing that the court lacked jurisdiction to hear the motion based on the lack of the words 'under penalty of perjury' in the certificate of service in violation of *28 U.S. Code § 1746 – Unsworn declarations under penalty of perjury.*

## BIAS INDICATOR #7

16.    The court has failed to report the crimes under 18 USC 4, 18 USC 2071 and 18 USC 1001 that were reported to the court.

## BIAS INDICATOR #8

17.    The court has failed to acknowledge or address the hearing on May 10, 2017 wherein the court orchestrated the arrest of Debtor ('I think I am going to get out until the Marshal's come.') producing a *coram nonjudice.*

## BIAS INDICATOR #9

18.    In an attempt to avoid *28 U.S. Code § 1746 – Unsworn declarations under penalty of perjury*, the court has sought to compel participation in a motion which should have been denied without prejudice to refile on July 18, 2017.

## BIAS INDICATOR #10

19.    The court both ignored a jurisdictional argument at the beginning of the July 18, 2017 hearing and it then denied the jurisdictional argument without actually allowing Debtor to present the argument.

## BIAS INDICATOR #11

20.    The court has failed to acknowledge in any paper, way, shape, form or manner the allegations made in the unacknowledged hearing on May 10, 2017.

## BIAS INDICATOR #12

21.    The court has failed to hold several required hearings pursuant to Federal Rule of Evidence 201.

## BIAS INDICATOR #13

22.    The court failed to address the implications of having a new $15,000,000 asset sworn to under penalty of perjury on the bankruptcy.

## BIAS INDICATOR #14

24.    The court made a finding that the debtor appeared on July 18, 2017 implying Debtor's assent to the jurisdiction of the court in the matter.

25.    The first words out of the Debtor's mouth are in direct contrast to that finding:

'I am appearing solely to contest the court's Jurisdiction in this matter.  I do not assent to any jurisdiction of this court in this matter.'

**BIAS INDICATOR #15**

> 26.    The court has failed in its entirety to ever state what was frivolous when making a finding of frivolous against the debtor in direct violation *Denton \/. Hernandez*: as summarized by Sandra Day O'Connor:
>
> An *in forma pauperis* complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely. Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be 'strange, but true; for truth is always strange, Stranger than fiction.' Lord Byron, Don Juan, canto XIV, stanza 101 (T. Steffan, E. Steffan, & w. Pratt eds. 1977)."

(Debtor's Mot. to Recuse (the "Motion"), ECF No. 512, 6-9).[1]

These claimed indications of bias may be grouped into three categories.

<u>The Allegation that the Undersigned's Husband is an Attorney for a Company that has a Financial Interest in the Outcome of This Case</u>

The Debtor claims (Bias Indicator #4) that "[t]he court failed to disclose a familial affiliation (husband Stuart Freedman of Schulte Rothe), an attorney for a company with a financial state (The Related Companies: Equinox: Blink) in the outcome of issues before this court."  This appears to seek recusal pursuant to 28 U.S.C. § 455(b)(4) or (5)(iii).

Although the Debtor does not provide the context for this claim, it apparently relates to the property located at 227-231 Fourth Avenue, Brooklyn, New York (the "Lyceum Property"), which was owned by 231 Fourth Avenue Lyceum, LLC ("Lyceum"), of which the Debtor is the principal.  Lyceum filed a chapter 11 bankruptcy case in this Court on April 11, 2013, <u>In re Fourth Avenue Lyceum, LLC</u>  (Case No. 13-42125) (the "Lyceum Case").  The automatic stay was vacated in the Lyceum Case on February 28, 2014, to permit PB #7 LLC, which held a

---

[1] "ECF No." refers to documents filed on the docket of this case, identified by docket entry number. Citations to "Case No. 13-42125, ECF No." are to documents filed in <u>In re Fourth Avenue Lyceum, LLC</u>, identified by docket entry number.

7

judgment of foreclosure and sale with respect to the Lyceum Property, to exercise its rights under state law (Case No. 13-42125, ECF No. 76, 77), and the Lyceum Case was dismissed by order dated September 5, 2014 (Case No. 13-42125, ECF No. 113). The Lyceum Property was sold at a foreclosure sale (see Referee's deed, attached to ECF No. 496), and is currently under development as a Blink gym (as the Debtor's motion seems to say).

The undersigned's husband is a partner in the firm of Schulte Roth & Zabel LLP, which represents The Related Companies in various matters. Neither the firm nor my husband has any involvement in the development of the Lyceum Property, either as attorneys or in any other way. Moreover, the development or ownership of the Lyceum Property cannot be affected by the outcome of this case. Although the Debtor may wish to reverse the foreclosure sale, any efforts to do so must take place in state court, in which the foreclosure judgment was entered. The Rooker-Feldman doctrine prevents this Court from considering any challenge to the foreclosure judgment that resulted in the sale of the Lyceum Property, or to the foreclosure sale that followed. See Hoblock v. Albany County Bd. of Elections, 422 F. 3d 77, 85 (2d Cir. 2005) (setting forth four part test for application of the Rooker-Feldman doctrine); McKithen v. Brown, 626 F. 3d 145, 154-55 (2d Cir. 2010) (holding that federal court lacks jurisdiction to hear a claim when the Rooker-Feldman doctrine applies). This Court has repeatedly rejected the Debtor's arguments, in this case and in the Lyceum Case, seeking to vacate or reverse the foreclosure judgment. E.g., Decision Lifting Automatic Stay, ECF No. 55. These decisions have been the subject of multiple appeals, and have been affirmed.

At the hearing held on May 10, 2017, the Debtor proffered a deed purporting to transfer the Lyceum Property from Lyceum to himself. The Debtor's belief that Lyceum has the ability to transfer the Lyceum Property notwithstanding the foreclosure sale is based on his contention

that the Referee's deed conveying the Lyceum Property following the foreclosure sale is "facially flawed" because the Referee's signature on the deed was notarized on a date five days prior to the date of the transfer as reflected on the deed. (See Motion, p. 10; Referee's deed, attached to ECF 496). Debtor has commenced an adversary proceeding in this Court against the notary, Theresa Caruso, based upon this supposed impropriety. Richmond v. Caruso, Adv. Pro. No. 17-1080. However, once a foreclosure sale takes place, the prior owner lacks standing to claim any "improprieties in the events surrounding the closing of title which resulted in the sale of the premises," because the owner's interest in the property is extinguished by the completion of the foreclosure sale. Kolkunova v. Guaranteed Home Mortg. Co., 842 N.Y.S. 2d 46, 48 (NY App. Div. 2007) (holding that plaintiff lacked standing after foreclosure sale to set aside the sale and reinstate her right to redeem property based upon arguments that events surrounding the closing of the sale were improper). As stated by the Second Circuit, "[b]ankruptcy courts have uniformly held that, under New York mortgage foreclosure law, a debtor's right of redemption of, and interest in, the property is extinguished by the auction, not by the subsequent delivery of the deed." Rodgers v. County of Monroe (In re Rodgers), 333 F.3d 64, 67 (2d Cir. 2003). In any event, these are arguments that would have to be presented to the state court.

### The Allegation that the Undersigned Has a Familial Affiliation With an Attorney Associated With a Law Firm Against Which the Debtor Has Litigated in State Court

The Debtor claims (Bias Indicator # 3) that "[t]he court failed to disclose its familial affiliation to William D. Freedman, a senior counsel for Troutman Sanders, an entity whose alleged perjury let to stripping the debtor of equity to either avoid or pay of bankruptcy." Though the Debtor does not explicitly say so, it appears that the Troutman Sanders firm was involved in the state court foreclosure action relating to the Lyceum Property. This claim seems to seek recusal under 28 U.S.C. § 455(b)(4) or (5), and seems to be based upon a belief that

9

William D. Freedman is related to the undersigned's husband. They are not related, nor is William D. Freedman related to the undersigned.

<u>Adverse Judicial Rulings</u>

Items 1, 2, and 5 through 15 relate to rulings made in this case, or to the Court's refusal to entertain various arguments made by the Debtor, and to the Court's summoning of security officers when the Debtor refused to leave the podium at the conclusion of a hearing held on May 10, 2017.

Items 1 and 2 refer to errors which the Debtor believes were made in this Court's decision dated July 27, 2015, denying his objection to the proof of claim filed by Select Portfolio Servicing, Inc., as Servicing Agent for U. S. Bank National Association ("Select Portfolio Servicing") (ECF No. 269). Debtor made a motion to reconsider that ruling (ECF No. 272), which was also denied (ECF No. 290). Both of these orders were appealed to the District Court, which affirmed, and to the Court of Appeals, which dismissed the Debtor's appeals. Item 15 refers to certifications made by this Court pursuant to 28 U.S.C. § 1915(3) that appeals from certain orders entered by this Court would not be in good faith. (<u>See</u> ECF Nos. 406, 483.) The Debtor's belief that these rulings were in error cannot be the basis for recusal. <u>See</u> <u>Hoffenberg</u>, 333 F. Supp. at 178 ("[A]dverse judicial rulings, whether over the course of the same proceeding or in other litigation involving the party who is seeking recusal, do not constitute a basis for recusal.")

The same conclusion must be reached for Items 5 through 14. These claimed indications of bias relate to hearings held on May 10, 2017, and July 18, 2017. The May 10 hearing was held after the conclusion of all of the Debtor's appeals relating to his objection to Select Portfolio Servicing's claim, which is secured by real property owned by the Debtor in Maine. On the

docket for May 10 were a hearing on confirmation of the Debtor's chapter 13 plan; two motions by the Chapter 13 Trustee to dismiss this case; and the Debtor's objection to a claim of Con Edison. At the hearing, the Debtor proffered a deed purporting to transfer the Lyceum Property to himself, as described above, as evidence that he will be able to cure the arrears on the property which secures Select Portfolio Servicing's claim. He also sought to describe on the record "crimes occurring in the Second Circuit with regards to my cases," and stated his belief that this Court is required to report these "felonies" to the authorities. He also argued that he is entitled to "hearings based on judicial notice based on Federal Rule of Evidence 201," a request which he previously made by motion (ECF No. 482), which was denied by order dated April 29, 2016 (ECF No. 483). See Motion, pp. 9-17. When he continued, notwithstanding being instructed to stop talking, the hearing was concluded, and, when the Debtor refused to leave the podium, court security officers were summoned. See Motion, p. 14.

On the docket for the July 17 hearing was a motion by Select Portfolio Servicing for relief from the automatic stay. At the outset of the hearing the Debtor stated that he was appearing "solely to contest the court's jurisdiction in the matter," explaining that the Court lacked jurisdiction because the certificate of service of Select Portfolio Servicing's stay relief motion was not made under penalty of perjury. Motion, p. 15-16. The hearing was adjourned to August 22 to afford the Debtor an opportunity to submit opposition. Motion, p. 16.

None of the alleged indications of bias cited by the Debtor constitutes grounds for recusal under 28 U.S.C. § 144 or under 28 U.S.C. § 455(a) or (b)(1). A judge is not required to entertain arguments or to consider evidence irrelevant to the issues before it, and a judge's determination that arguments or evidence proffered is not relevant cannot be the basis for recusal. Hoffenberg, 333 F. Supp. 2d at 178. Nor can the Debtor's contention that the Court failed to report crimes

committed by the Second Circuit or others constitute grounds for recusal. A party cannot require a court to refer matters for criminal prosecution, <u>Va. Hosp. Ctr. Arlington Health Sys. v. Akl (In re Akl)</u>, Bankr. No. 07-00256, Adv. No. 07-10026, 2010 WL 1667294 (Bankr. D.D.C. Apr. 23, 2010); <u>In re Valentine</u>, 196 B.R. 386 (Bankr. E.D. Mich. 1996), and nothing prevents the Debtor from reporting any crimes he believes has occurred. Nor does the Court's summoning of court security officers following the conclusion of the May 10 hearing constitute an indication of bias. A court must ensure that hearings are conducted in an orderly fashion. <u>Huminski v. Corsones</u>, 396 F.3d 53 (2nd Cir. 2005) ("[A] presiding judge is charged with the responsibility of maintaining proper order and decorum." (quoting <u>Berner v. Delahanty</u>, 129 F.3d 20, 26 (1st Cir. 1997))). A litigant cannot create grounds for recusal by refusing to cease argument when directed to do so, or by refusing to leave the podium when told that the hearing is concluded. <u>See</u> <u>Jocks v. Tavernier</u>, 97 F. Supp. 2d 303, 310 (E.D.N.Y 2000), <u>rev'd on other grounds</u>, 316 F.3d 128 (2d Cir. 2003).

## CONCLUSION

Because the Debtor's motion does not "give 'fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment,'" Rosen, 357 F. 2d at 798 (quoting Berger, 255 U.S. at 33-35); because a "'reasonable person, knowing all the facts'" would not question this Court's impartiality, Yousef, 327 F. 3d at 169; and because no grounds for recusal exist under 28 U.S.C. § 455 (b)(2)-(5), the motion to recuse is denied.



**Dated: Brooklyn, New York**
**August 21, 2017**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**